RECEIPT # 56590
AMOUNT $ 150
SUMMONS ISSUED X-4
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 6-15-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANTONIO CORREIA
    Plaintiff,

v.

CIVIL ACTION NO.:

THE CITY OF BOSTON, and
WILLIAM FEENEY, and
ANGEL FIGUEROA, and
STACEY HIGHTOWER,
    Defendants.

**04cv11335 RCL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND JURY DEMAND

MAGISTRATE JUDGE _____

### I. PRELIMINARY STATEMENT

1. This is an action for damages arising from the conduct of defendants which led to assault & battery and false imprisonment of Antonio Correia on or about July 5, 2001. The conduct of the defendant constitutes a deprivation of the civil rights of Antonio Correia as guaranteed by the Constitution and Laws of the United States of America, as well as the Declaration of Rights of the Commonwealth of Massachusetts.

### II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is established by 28 U.S.C. §§1331 and 1343. The Plaintiff invokes the pendent jurisdiction of the Court to hear state claims under M.G.L. c. 229, §2 and M.G.L. c. 12, §11*I*.

### III. PARTIES

3. Plaintiff, Antonio Correia, lives in Suffolk County, Massachusetts.

4. Defendant, The City of Boston, (hereinafter, "Boston") is a duly incorporated municipality within the County of Suffolk, Commonwealth of Massachusetts.

5. Defendant, William Feeney, is a City of Boston police officer and is sued in his individual capacity.

6. Defendant, Angel Figueroa, is a City of Boston police office and is sued in her individual capacity.

7. Defendant, Stacey Hightower, is a City of Boston police office and is sued in his individual capacity.

## IV. FACTS

8. On July 5, 2001, Antonio Correia attempted to return to his residence located at 30 West Cottage Street, Roxbury, Massachusetts.

9. As Antonio Correia attempted to drive his vehicle down West Cottage, a Boston Police Officer re-directed his vehicle to a detour street to access his home.

10. Antonio Correia could not access his home by way of the detour so he returned to West Cottage.

11. A Boston Police Officer, after confirming Antonio Correia's address, permitted him to approach an area of West Cottage near his home.

12. Antonio Correia parked his vehicle near his residence on West Cottage when he was verbally confronted by Defendant Feeney regarding the parking of his vehicle.

13. Defendant Feeney reached into Antonio Correia's vehicle grabbed and twisted Antonio Correia's arm and started punching him in the face, neck and about the body and head.

14. Defendant Feeney then choked Antonio Correia while in the vehicle and opened the door and kicked Antonio Correia repeatedly.

15. Defendant Feeney slammed Antonio Correia to the ground outside the vehicle and held him down by twisting his arm behind his back.

16. The Defendant Feeney prevented Antonio Correia from receiving medical attention at the scene. Defendant Feeney further refused and neglected to transport Antonio Correia to a hospital for medical treatment.

17. Defendant Feeney, and several other police officers held Antonio Correia face down, placing their knees in the center of his back while securing his hands behind him with handcuffs.

18. Boston Police Officers chained his feet, refused to afford him medical attention, and transported Antonio Correia to the Police Station for booking.

19. Defendants, Angel Figueroa and Stacey Hightower, punched and kicked Antonio Correia outside his vehicle while he laid on the ground.

20. Defendants, Angel Figueroa and Stacey Hightower both forced their knees into Antonio Correia's back as he laid on the ground.

21. Defendants, Angel Figueroa and Stacey Hightower denied medical attention to Antonio Correia at the scene.

22. On July 5, 2001, subsequent to his release from the police station, Antonio Correia was treated at Massachusetts General Hospital by an Emergency Room Physician for multiple injuries he sustained as a result of the illegal attack and arrest.

## COUNT I
## 42 U.S.C. §1983 CLAIM AGAINST OFFICER FEENEY

23. Antonio Correia hereby incorporates and realleges the allegations set forth in paragraphs 1 through 22 above, as if fully set forth herein.

24. The defendant, Feeney's, conduct constituted deliberate indifference toward the welfare of Antonio Correia.

25. Such deliberate indifference violated Antonio Correia's civil rights, as protected under Federal law (42 U.S.C. §1983).

### COUNT II
### 42 U.S.C. §1983 CLAIM AGAINST OFFICER FIGUEROA

26. Antonio Correia hereby incorporates and realleges the allegations set forth in paragraphs 1 through 25 above, as if fully set forth herein.

27. The defendant, Angel Figueroa's, conduct constituted deliberate indifference toward the welfare of Antonio Correia.

28. Such deliberate indifference violated Antonio Correia's civil rights, as protected under Federal law (42 U.S.C. §1983).

### COUNT III
### 42 U.S.C. §1983 CLAIM AGAINST OFFICER HIGHTOWER

29. Antonio Correia hereby incorporates and realleges the allegations set forth in paragraphs 1 through 28 above, as if fully set forth herein.

30. The defendant, Hightower's, conduct constituted deliberate indifference toward the welfare of Antonio Correia.

31. Such deliberate indifference violated Antonio Correia's civil rights, as protected under Federal law (42 U.S.C. §1983).

### COUNT IV
### STATE CIVIL RIGHTS CLAIM UNDER M.G.L. c. 12, §11*I*
### AGAINST ALL DEFENDANTS

32. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 31 above, as if fully set forth herein.

33. The defendants violated Antonio Correia's civil rights by threats, intimidation, and violence.

## COUNT V
## ASSAULT AND BATTERY AGAINST DEFENDANT, FEENEY

34. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 33 above, as if fully set forth herein.

35. Defendant, Feeney, assaulted and battered Antonio Correia.

## COUNT VI
## ASSAULT AND BATTERY AGAINST DEFENDANT, FIGUEROA

36. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 35 above, as if fully set forth herein.

37. Defendant, Figueroa, assaulted and battered Antonio Correia.

## COUNT VII
## ASSAULT AND BATTERY AGAINST DEFENDANT, HIGHTOWER

38. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 37 above, as if fully set forth herein.

39. Defendant, Hightower, assaulted and battered Antonio Correia.

## COUNT VIII
## FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT, FEENEY

40. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 39 above, as if fully set forth herein.

41. Defendant, Feeney, illegally arrested and illegally imprisoned Antonio Correia.

## COUNT IX
## FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT, FIGUEROA

42. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1

through 41 above, as if fully set forth herein.

43. Defendant, Figueroa, illegally arrested and illegally imprisoned Antonio Correia.

### COUNT X
### FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT, HIGHTOWER

44. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 43 above, as if fully set forth herein.

45. Defendant, Hightower, illegally arrested and illegally imprisoned Antonio Correia.

### COUNT XI
### STATE CIVIL RIGHTS CLAIM UNDER M.C.L. c. 12, §11I AGAINST DEFENDANT, FEENEY

46. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 45 above, as if fully set forth herein.

47. Defendant, Feeney, violated Antonio Correia's civil rights by threats, intimidation, violence and force against him.

### COUNT XII
### STATE CIVIL RIGHTS CLAIM UNDER M.C.L. c. 12, §11I AGAINST DEFENDANT, FIGUEROA

48. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 47 above, as if fully set forth herein.

49. Defendant, F, violated Antonio Correia's civil rights by threats, intimidation, violence and force against him.

### COUNT XIII
### STATE CIVIL RIGHTS CLAIM UNDER M.C.L. c. 12, §11I AGAINST DEFENDANT, HIGHTOWER

50. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1

through 49 above, as if fully set forth herein.

51. Defendant, Hightower, violated Antonio Correia's civil rights by threats, intimidation, violence and force against him.

## COUNT XIV
## NEGLIGENCE CLAIM PURSUANT TO M.G.L. c. 258
## AGAINST DEFENDANT, CITY OF BOSTON

52. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 51 above, as if fully set forth herein.

53. The negligence of the defendants caused Antonio Correia's injuries.

54. Notice of claim was served on the defendant, City of Boston, through the Internal Affairs Division of the Boston Police Department. Said Division failed to take any action against the Defendants, Feeney, Figueroa and Hightower.

## COUNT XV
## 43 U.S.C. §1983 AGAINST CITY OF BOSTON

55. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 54 above, as if fully set forth herein.

56. It was the policy and/or custom of the City of Boston to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of it's police officers. It was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizens' complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston.

57. The City of Boston's dangerous custom and unwritten policy of handcuffing

injured prisoners before being booked, and in particular of not sending injured prisoners to medical facilities rather than jail, contributed to causing the further injuries suffered by Antonio Correia.

WHEREFORE, Antonio Correia demands the following:

1. Compensatory Damages;

2. Punitive Damages against all defendants except the City of Boston;

3. Attorneys' Fees;

4. Costs;

5. Any other remedy which justice requires.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,
The Plaintiff, Antonio Correia
By his attorneys,

Dated: 6/15/04

Nicholas J. Di Mauro – BBO#564241
Law Offices of Nicholas J. Di Mauro
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801

Dated: 6/15/04

Mark E. Burke – BBO#556166
Law Office of Mark E. Burke
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801