UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11335-RCL

ANTONIO CORREIA,
    Plaintiff,

v.

CITY OF BOSTON, WILLIAM FEENEY, ANGEL FIGUEROA, and STACEY HIGHTOWER,
    Defendants.

## MOTION FOR MORE DEFINITE STATEMENT OF DEFENDANTS, CITY OF BOSTON, WILLIAM FEENEY, ANGEL FIGUEROA, AND STACEY HIGHTOWER.

NOW COME the Defendants City of Boston, William Feeney, Angel Figueroa, and Stacey Hightower, and move pursuant to Mass. R. Civ. P. 12(e) that this Honorable Court enter an Order directing the Plaintiff to provide a more definite statement of the cause of action giving rise to Counts I, II, and III of the Complaint in the above-entitled action. (The Complaint is attached hereto as 'Exhibit A')

As grounds therefore, the Defendants, City of Boston, William Feeney, Angel Figueroa, and Stacey Hightower state that Counts I, II, and III of the Complaint are vague and ambiguous regarding the cause of action(s) alleged, with the result that the Defendants are unable to make an effective responsive pleading. In particular:

1. Counts I, II, and III of the Complaint allege a cause of action pursuant to 42 U.S.C. § 1983, against the Defendants William Feeney, Angel Figueroa, and Stacey Hightower respectively, arising out of each of the individual Defendants' alleged conduct, which according to the complaint "constituted deliberate indifference toward the welfare of Antonio Correia." (See paragraphs 24, 27, and 30).

2. Though Plaintiff alleges that the Defendants acted with "deliberate indifference," it is unclear from the facts plead in Count I, II and III whether he alleges a violation of his Eighth or Fourteenth Amendment rights, and whether the violation alleged relates solely to the alleged failure to provide him with medical attention, or includes other allegations.

3. The nature of the Defendants' responsive pleadings (and their analysis of their affirmative defenses) depends upon a clear understanding of the bases of the Plaintiff's allegations in Counts I, II, and III, and will be determined in part by the particular theory asserted by the Plaintiff. Of the possible theories of liability enumerated in paragraph two, supra, one would trigger motions pursuant to Rule 12, while others would require different burdens of proof which will affect the course of the Defendants' defense of the case. The Defendants are therefore entitled to clarification of the theories under which the Plaintiff proceeds.

WHEREFORE, the Defendants request that this Honorable Court enter an Order directing the Plaintiff to make a more definite statement of the cause(s) of action asserted in Counts I, II, and III of the Complaint within ten (10) days of its Order.

Respectfully submitted,
DEFENDANTS CITY OF BOSTON,
WILLIAM FEENEY, ANGEL FIGUEROA,
AND STACEY HIGHTOWER,

Merita A. Hopkins
Corporation Counsel

By their attorneys:

*/s/ Kate Cook*

Kate Cook, Esq.
BBO# 650698
James M. Chernetsky, Esq.
BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022 (Cook)
(617) 635-4048 (Chernetsky)

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that undersigned counsel for the Defendant, City of Boston, discussed the above motion with Mark E. Burke via telephone on August 12, 2004, both in a good faith effort to resolve and narrow the issues presented by said motion, but that counsel were unable to confer or to resolve the issues prior to filing of the motion.

8/13/04
Date

_Kate Cook_
Kate Cook