UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11335-RCL

ANTONIO CORREIA,
    Plaintiff,

v.

CITY OF BOSTON, WILLIAM
FEENEY, ANGEL FIGUEROA,
and STACEY HIGHTOWER,
    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS COUNTS IV AND XIV
OF PLAINTIFF'S COMPLAINT.

I.  INTRODUCTION

The Plaintiff's Complaint states causes of action against the Defendant, City of Boston, for:

1.  Civil Rights violations under the M.G.L. ch. 12, § 11I (Count IV);
2.  Negligence (Count XIV);
3.  Civil rights violations under 42 U.S.C. §1983 (Count XI).

Each claim arises from alleged conduct of City of Boston employees on July 5, 2001, which Plaintiff contends constitute deliberate indifference, false arrest and false imprisonment.

The City of Boston seeks dismissal of Count IV, which alleges that the City of Boston violated M.G.L. ch. 12, §11I, and Count XIV, alleging negligence against the City of Boston

1

for the alleged "negligence of the defendants" pursuant to M.G.L. ch. 258 because:

1. Municipalities are not persons within the meaning of the Massachusetts Civil Rights Act;

2. The Plaintiff failed to make timely presentment as is required pursuant to M.G.L. ch. 258, §4; and,

3. Public employers are not liable pursuant to G.L. ch. 258, the "Massachusetts Torts Claims Act," for intentional torts allegedly committed by their employees.

II. **APPLICABLE STANDARD**

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the Plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright

vituperation.  <u>Correa-Martinez v. Arrillaya-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990).

III. **ARGUMENT**

    A.  COUNT IV MUST BE DISMISSED BECAUSE CLAIMS AGAINST MUNICIPALITIES ARE NOT COGNIZABLE UNDER THE MASSACHUSETTS CIVIL RIGHTS ACT.

A municipality is not a 'person' for purposes of the Massachusetts Civil Rights Act; accordingly, Count IV must be dismissed as to the Defendant, City of Boston.  Count IV of the Plaintiff's Complaint alleges a violation by the City of Boston of the Massachusetts Civil Rights Act, under M.G.L. c. 12, §11I (see Complaint at para. 32).[1]  The Massachusetts Civil Rights Act ("MCRA") provides for a cause of action:

> "Whenever <u>any person or persons</u>, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth..."

G.L. c. 12, §H (emphasis added).

The City of Boston cannot be held liable under the MCRA because a municipality is not a "person" covered by the MCRA.

---

[1] Count IV also alleges that Defendants Feeney, Figueroa, and Hightower violated the Massachusetts Civil Rights Act, M.G.L. ch. 12, § 11I.  Defendant City of Boston's Motion to Dismiss argues for dismissal of Count IV solely as to the Defendant, City of Boston.

3

<u>Howcroft v. City of Peabody</u>, 51 Mass. App. Ct. 573, 591-592 (2001). "By the terms of G.L. c. 4, § 7, its definitions govern the construction of statutes unless a contrary intention clearly appears, and here there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions." <u>Howcroft</u>, 51 Mass.App.Ct. at 591-592.

B. COUNT XIV MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE PRESENTMENT REQUIREMENTS OF M.G.L. CH. 258.

The Massachusetts Tort Claims Act (hereinafter "the Act") was intended as "a comprehensive and uniform regime of tort liability for public employers." <u>Lafayette Place Assoc. v. Boston Redevelopment Authority</u>, 427 Mass. 509, 534 (1998). The Act provides the sole remedy for persons alleging torts against municipalities and it clearly immunizes them from liability for intentional torts. <u>Lafayette</u>, 427 Mass. at 533-35.

Moreover, the Act defines the term "public employee" as "elected or appointed, officers or employees of any public employer. . ." M.G.L. ch. 258, § 1. The same section defines "public employer" as "the commonwealth and any county, city, town, educational collaborative, or district. . ." As such, all individual actors described by the Complaint would be public employees," the liability of whom is governed by the Act.

Asserting a cause of action under the Act, Plaintiff contends "the negligence of the defendants caused Antonio Correia's injuries." (see Complaint at para. 53). Plaintiff further alleges, "notice of claim was served on the defendant, City of Boston, through the Internal Affairs Division ("IAD") of the Boston Police Department." (see Complaint at para 54). However, Count XIV must be dismissed because filing a complaint with the IAD alleging excessive force against Defendant William Feeney does not constitute notice under the Massachusetts Tort Claims Act framework. Rather, Plaintiff's complaint to the IAD is defective for two reasons: (1) the required presentment was not made to the executive officer of the public employer; (2) the IAD complaint does not allege negligence, but rather it asserts that Defendant William Feeney committed intentional torts (see IAD Complaint Control Form, attached hereto as 'Exhibit A').

M.G.L. ch. 258, §10(c) provides the City of Boston with immunity from suit for: "any claim arising out of an intentional tort including assault, battery, false imprisonment, false arrest, intentional mental distress . . ." Accordingly, there is simply no basis to characterize Plaintiff's IAD complaint against Defendant Feeney, which explicitly alleged intentional conduct as somehow constituting presentment of a negligence

5

action against the City of Boston for any possible theory such as negligent supervision, training, etcetera.

Indeed, presentment within two years of the date the cause of action arose is a statutory condition precedent to the bringing of a lawsuit against a municipality under chapter 258. The statute provides in pertinent part:

> A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. . .

M.G.L. ch. 258, §4.

Thus, timely presentment must be made in strict compliance with the statute, and the executive officer must be given six months to settle or deny the claim. Only then can a civil action pursuant to M.G.L. ch. 258 be commenced. The requirements of presentment are very specific, and failure to provide adequate written notice to the public employer negates a claimant's cause of action. See Weaver v. Commonwealth, 387 Mass. 43, 45 (1982); Johnson v. Trustees of Health and Hospitals of the City of Boston, 23 Mass. App. Ct. 933, 500 N.E.2d 1362 (1986); Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985); Pruner v. Clerk of the Superior Court in the County of

<u>Norfolk</u>, 382 Mass. 309 (1981). The Plaintiff has thus failed to give the Executive Officer of the Defendant, City of Boston, written notice of his claim in accordance with M.G.L. ch.258, §4. Failure to give such notice is fatal to Plaintiff's action. Therefore, Defendant's Motion to Dismiss Count XIV must be granted.

In Paragraph 54 of his Complaint, Plaintiff relies on his complaint to IAD alleging excessive force against an individual Defendant, William Feeney, as satisfying the notice requirements of M.G.L. ch. 258, the Defendant City of Boston. However, Plaintiff cannot overcome his failure to comply with the statutory requirement to make presentment. He never sent a notice letter to the Executive Officer, or any of the other proper recipients pursuant to M.G.L. ch. 258, §4 (mayor, city manager, town manager, corporation counsel, city solicitor, etc.). Assuming arguendo that an IAD complaint could be construed as a form of notice, certainly in this case, given the facts alleged in the IAD complaint and the instant Complaint it cannot be said that the City of Boston was on notice that the Plaintiff was stating a claim for negligence against the City. In fact, the IAD Complaint related solely to Defendant William Feeney's alleged excessive force, it never mentioned any negligence claim against the City of Boston on any theory. Accordingly, Plaintiff's attempt to convert an IAD complaint

into a presentment letter should not be allowed and Count XIV must be dismissed for failure to comply with the rigid statutory requirement.

    C.    COUNT XIV MUST BE DISMISSED BECAUSE THE MASSACHUSETTS TORTS CLAIMS ACT BARS RECOVERY AGAINST A MUNICIPALITY FOR INTENTIONAL TORTS ALLEGEDLY COMMITTED BY PUBLIC EMPLOYEES.

Even if IAD gave notice to the City of Boston of Plaintiff's allegations regarding Defendant William Feeney's conduct, the IAD Complaint could never form the basis of liability under the Act because intentional torts are explicitly excluded from the scope of M.G.L. ch. 258.  As noted above, Count XIV of Plaintiff's Complaint incorporates the previous fifty-one paragraphs and alleges that the City of Boston is negligent for the conduct of its defendants.  (see Complaint paras 53 and 54).  However, the previous fifty-one paragraphs alleged purely intentional conduct---that the Defendant Police Officers acted with deliberate indifference toward Plaintiff, that they falsely arrested and imprisoned Plaintiff, and that they inter alia choked, punched and kicked plaintiff.  As pleaded in the Complaint, the conduct alleged is willful, reckless, or intentional---rather than negligent.  Therefore said conduct cannot form the basis for a negligence action.

For example, the *Restatement Second, Torts*, describes the elements of a cause of action for negligence in the following terms:

"**§ 281.  Statement of the Elements of a Cause of Action for Negligence**

The actor is liable for an invasion of an interest of another, if:

(a) the interest invaded is protected against <u>unintentional</u> invasion, and

(b) the conduct of the actor is negligent with respect to the other, or a class of persons within which he is included, and

(c) the actor's conduct is a legal cause of the invasion, and

(d) the other has not so conducted himself as to disable himself from bringing an action for such invasion."
*Restatement, Second, Torts*, § 281 (emphasis added)

Similarly, the Restatement defines negligence in the following manner:

"**§ 282 Negligence Defined**

In the Restatement of this Subject, negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. *It does not include conduct recklessly disregardful of an interest of others.*"

*Restatement, Second, Torts*, § 281 (emphasis added).

As such, the Complaint as pleaded does not state a cause of action for negligence against the City of Boston, and Count XIV of the Complaint should be dismissed.

In <u>Tambolleo v. Town of West Boylston et al</u>, 34 Mass. App. Ct. 526; 613 N.E.2d 127 (1993), the Massachusetts Appeals Court dealt with the question of whether letters to the Town of West Boylston alleging that that one of its police officers, John Sargent, had assaulted plaintiffs and caused them bodily injury constituted "notice" of a claim under M.G.L. ch. 258, §4. The <u>Tambolleo</u> Court held that said letters did not satisfy the statutory presentment required to file suit under M.G.L. ch. 258, because they merely apprised the Town of a claim arising out of an intentional tort. Accordingly, for the same reasons the letters in <u>Tambolleo</u> failed to constitute notice, here the IAD complaint similarly fails to comply with the statute. As in <u>Tambolleo</u>, the IAD complaint, "[does] no more than make a claim on the basis of an identified act for which immunity is expressly provided." <u>Tambolleo</u>, at 533, 131.

IV. CONCLUSION

For the reasons stated above, the Defendant, City of Boston, respectfully requests that Counts IV and XIV of Plaintiff's Complaint be dismissed with prejudice.

10

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorneys:

*/s/ Kate Cook*

James M. Chernetsky, Esq.
BBO# 638152
Kate Cook, Esq.
BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048 (Chernetsky)
(617) 635-4022 (Cook)