UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ANTONIO CORREIA**
    **Plaintiff,**              **CIVIL ACTION NO.: 04-CV11335-RCL**
**v.**

**THE CITY OF BOSTON, and**
**WILLIAM FEENEY, and**
**ANGEL FIGUEROA, and**
**STACEY HIGHTOWER,**
    **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT AND JURY DEMAND

**I.**      **PRELIMINARY STATEMENT**

    1.      This is an action for damages arising from the conduct of defendants which led to assault & battery and false imprisonment of Antonio Correia on or about July 5, 2001. The conduct of the defendant constitutes a deprivation of the civil rights of Antonio Correia as guaranteed by the Constitution and Laws of the United States of America, as well as the Declaration of Rights of the Commonwealth of Massachusetts.

**II.**      **JURISDICTION**

    2.      This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is established by 28 U.S.C. §§1331 and 1343. The Plaintiff invokes the pendent jurisdiction of the Court to hear state claims under M.G.L. c. 229, §2 and M.G.L. c. 12, §11*I*.

**III.**      **PARTIES**

    3.      Plaintiff, Antonio Correia, lives in Suffolk County, Massachusetts.

    4.      Defendant, The City of Boston, (hereinafter, "Boston") is a duly incorporated municipality within the County of Suffolk, Commonwealth of Massachusetts.

5. Defendant, William Feeney, is a City of Boston police officer and is sued in his individual capacity.

6. Defendant, Angel Figueroa, is a City of Boston police office and is sued in her individual capacity.

7. Defendant, Stacey Hightower, is a City of Boston police office and is sued in his individual capacity.

## IV. FACTS

8. On July 5, 2001, Antonio Correia attempted to return to his residence located at 30 West Cottage Street, Roxbury, Massachusetts.

9. As Antonio Correia attempted to drive his vehicle down West Cottage, a Boston Police Officer re-directed his vehicle to a detour street to access his home.

10. Antonio Correia could not access his home by way of the detour so he returned to West Cottage.

11. A Boston Police Officer, after confirming Antonio Correia's address, permitted him to approach an area of West Cottage near his home.

12. Antonio Correia parked his vehicle near his residence on West Cottage when he was verbally confronted by Defendant Feeney regarding the parking of his vehicle.

13. Defendant Feeney reached into Antonio Correia's vehicle grabbed and twisted Antonio Correia's arm and started punching him in the face, neck and about the body and head.

14. Defendant Feeney then choked Antonio Correia while in the vehicle and opened the door and kicked Antonio Correia repeatedly.

15. Defendant Feeney slammed Antonio Correia to the ground outside the vehicle and held him down by twisting his arm behind his back.

16. The Defendant Feeney prevented Antonio Correia from receiving medical attention at the scene. Defendant Feeney further refused and neglected to transport Antonio Correia to a hospital for medical treatment.

17. Defendant Feeney, and several other police officers held Antonio Correia face down, placing their knees in the center of his back while securing his hands behind him with handcuffs.

18. Boston Police Officers chained his feet, refused to afford him medical attention, and transported Antonio Correia to the Police Station for booking.

19. Defendants, Angel Figueroa and Stacey Hightower, punched and kicked Antonio Correia outside his vehicle while he laid on the ground.

20. Defendants, Angel Figueroa and Stacey Hightower both forced their knees into Antonio Correia's back as he laid on the ground.

21. Defendants, Angel Figueroa and Stacey Hightower denied medical attention to Antonio Correia at the scene.

22. On July 5, 2001, subsequent to his release from the police station, Antonio Correia was treated at Massachusetts General Hospital by an Emergency Room Physician for multiple injuries he sustained as a result of the illegal attack and arrest.

23. The Defendants, William Feeney, Angel Figueroa and Stacey Hightower, had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

24. At all times during the events described above, the Defendants, William Feeney, Angel Figueroa and Stacey Hightower, were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

25. As a direct and proximate result of the said acts of the Defendants, William Feeney, Angel Figueroa and Stacey Hightower, the Plaintiff, Antonio Correia, suffered the following injuries and damages:

a) Violation of his constitutional rights under Fourth and Fourteenth Amendments to the U.S. Constitution to be free from an unreasonable search and seizure of his person;

b) Loss of his physical liberty; and,

c) physical pain and suffering, requiring the expenditure of money for treatment.

26. The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of Antonio Correia:

a) Freedom from unreasonable seizure of his person; and,

b) Freedom from the use of excessive, unreasonable and unjustified force against his person.

### COUNT I
### 42 U.S.C. §1983 CLAIM AGAINST OFFICER FEENEY

27. Antonio Correia hereby incorporates and realleges the allegations set forth in paragraphs 1 through 26 above, as if fully set forth herein.

28. The defendant, Feeney's, conduct constituted deliberate indifference toward the welfare of Antonio Correia.

29. Such deliberate indifference violated Antonio Correia's civil rights, as protected under Federal law (42 U.S.C. §1983).

## COUNT II
## 42 U.S.C. §1983 CLAIM AGAINST OFFICER FIGUEROA

30. Antonio Correia hereby incorporates and realleges the allegations set forth in paragraphs 1 through 29 above, as if fully set forth herein.

30. The defendant, Angel Figueroa's, conduct constituted deliberate indifference toward the welfare of Antonio Correia.

31. Such deliberate indifference violated Antonio Correia's civil rights, as protected under Federal law (42 U.S.C. §1983).

## COUNT III
## 42 U.S.C. §1983 CLAIM AGAINST OFFICER HIGHTOWER

32. Antonio Correia hereby incorporates and realleges the allegations set forth in paragraphs 1 through 31 above, as if fully set forth herein.

33. The defendant, Hightower's, conduct constituted deliberate indifference toward the welfare of Antonio Correia.

34. Such deliberate indifference violated Antonio Correia's civil rights, as protected under Federal law (42 U.S.C. §1983).

## COUNT IV
## STATE CIVIL RIGHTS CLAIM UNDER M.G.L. c. 12, §11*I*
## AGAINST ALL DEFENDANTS

35. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 34 above, as if fully set forth herein.

36. The defendants violated Antonio Correia's civil rights by threats, intimidation, and violence.

**COUNT V**
**ASSAULT AND BATTERY AGAINST DEFENDANT, FEENEY**

37. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 36 above, as if fully set forth herein.

38. Defendant, Feeney, assaulted and battered Antonio Correia.

**COUNT VI**
**ASSAULT AND BATTERY AGAINST DEFENDANT, FIGUEROA**

39. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 38 above, as if fully set forth herein.

40. Defendant, Figueroa, assaulted and battered Antonio Correia.

**COUNT VII**
**ASSAULT AND BATTERY AGAINST DEFENDANT, HIGHTOWER**

41. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 40 above, as if fully set forth herein.

42. Defendant, Hightower, assaulted and battered Antonio Correia.

**COUNT VIII**
**FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT, FEENEY**

43. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 42 above, as if fully set forth herein.

44. Defendant, Feeney, illegally arrested and illegally imprisoned Antonio Correia.

**COUNT IX**
**FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT, FIGUEROA**

45. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 44 above, as if fully set forth herein.

46. Defendant, Figueroa, illegally arrested and illegally imprisoned Antonio Correia.

### COUNT X
### FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANT, HIGHTOWER

47. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 46 above, as if fully set forth herein.

48. Defendant, Hightower, illegally arrested and illegally imprisoned Antonio Correia.

### COUNT XI
### STATE CIVIL RIGHTS CLAIM UNDER M.C.L. c. 12, §11*I* AGAINST DEFENDANT, FEENEY

49. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 48 above, as if fully set forth herein.

50. Defendant, Feeney, violated Antonio Correia's civil rights by threats, intimidation, violence and force against him.

### COUNT XII
### STATE CIVIL RIGHTS CLAIM UNDER M.C.L. c. 12, §11*I* AGAINST DEFENDANT, FIGUEROA

51. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

52. Defendant, Figueroa, violated Antonio Correia's civil rights by threats, intimidation, violence and force against him.

### COUNT XIII
### STATE CIVIL RIGHTS CLAIM UNDER M.C.L. c. 12, §11*I* AGAINST DEFENDANT, HIGHTOWER

53. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 52 above, as if fully set forth herein.

54. Defendant, Hightower, violated Antonio Correia's civil rights by threats,

intimidation, violence and force against him.

## COUNT XIV
## NEGLIGENCE CLAIM PURSUANT TO M.G.L. c. 258
## AGAINST DEFENDANT, CITY OF BOSTON

55. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 through 54 above, as if fully set forth herein.

56. The negligence of the defendants caused Antonio Correia's injuries.

57. It was the policy and/or custom of the City of Boston to inadequately and negligently supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of it's police officers.

58. It was the policy and/or custom of the City of Boston to inadequately and negligently investigate citizens' complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston.

59. The City of Boston's dangerous custom and unwritten policy of negligently handcuffing injured prisoners before being booked, and in particular of not sending injured prisoners to medical facilities rather than jail, contributed to causing the further injuries suffered by Antonio Correia.

60. Notice of claim was served on the defendant, City of Boston, through the Internal Affairs Division of the Boston Police Department.  Said Division failed to take any action against the Defendants, Feeney, Figueroa and Hightower.

## COUNT XV
## 42 U.S.C. §1983 AGAINST CITY OF BOSTON

61. The Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1

through 60 above, as if fully set forth herein.

62. It was the policy and/or custom of the City of Boston to inadequately and negligently supervise and train its police offices, including the Defendant offices, thereby failing to adequately discourage further constitutional violations on the part of it's police officers.

63. It was the policy and/or custom of the City of Boston to inadequately and negligently investigate citizens' complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston.

64. The City of Boston's dangerous custom and unwritten policy of negligently handcuffing injured prisoners before being booked, and in particular of not sending injured prisoners to medical facilities rather than jail, contributed to causing the further injuries suffered by Antonio Correia.

WHEREFORE, Antonio Correia demands the following:

1. Compensatory Damages;
2. Punitive Damages against all defendants except the City of Boston;
3. Attorneys' Fees;
4. Costs;
5. Any other remedy which justice requires.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

    Respectfully submitted,
    The Plaintiff, Antonio Correia
    By his attorneys,

Dated:                                                                           _____
    Nicholas J. Di Mauro – BBO#564241
    Law Offices of Nicholas J. Di Mauro

|  |  |
|---|---|
|  | 111 South Bedford Street, Suite 208 |
|  | Burlington, Massachusetts 01803 |
|  | (781) 273-3801 |
| Dated: | _____ |
|  | Mark E. Burke – BBO#556166 |
|  | Law Office of Mark E. Burke |
|  | 111 South Bedford Street, Suite 208 |
|  | Burlington, Massachusetts 01803 |
|  | (781) 273-3801 |