UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11335-RCL

ANTONIO CORREIA,
    <u>Plaintiff</u>,

v.

CITY OF BOSTON, WILLIAM FEENEY, ANGEL FIGUEROA, and STACEY HIGHTOWER,
    <u>Defendants</u>.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS COUNTS IV AND XIV OF PLAINTIFF'S AMENDED COMPLAINT.

**I.  INTRODUCTION**

    The Plaintiff's Amended Complaint states causes of action against Defendant City of Boston for:

1. Civil Rights violations under M.G.L. c. 12, § 11I (Count IV);
2. Negligence (Count XIV);
3. Civil rights violations under 42 U.S.C. §1983 (Count XV).

    Each claim arises from alleged conduct of City of Boston employees on July 5, 2001, which Plaintiff contends constitute deliberate indifference, false arrest and false imprisonment.

    The City of Boston seeks dismissal of Count IV and Count XIV, because:

1. Municipalities are not persons within the meaning of the Massachusetts Civil Rights Act; and,

1

2.  The Plaintiff has failed to comply with the requirements of M.G.L. c. 258, §4.

II.  **APPLICABLE STANDARD**

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the Plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation.  Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

III.  **ARGUMENT**

A.  COUNT IV MUST BE DISMISSED BECAUSE CLAIMS AGAINST MUNICIPALITIES ARE NOT COGNIZABLE UNDER THE MASSACHUSETTS CIVIL RIGHTS ACT.

A municipality is not a 'person' for purposes of the Massachusetts Civil Rights Act; accordingly, Count IV must be dismissed as to the City.  Count IV of the Plaintiff's Complaint alleges a violation by the City of Boston of the Massachusetts Civil

Rights Act, under M.G.L. c. 12, §11I (see Complaint at para. 36).[1]

The Massachusetts Civil Rights Act ("MCRA") provides for a cause of action:

> "Whenever <u>any person or persons</u>, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth..."

G.L. c. 12, §H (emphasis added).

The City of Boston cannot be held liable under the MCRA because a municipality is not a "person" covered by the MCRA. <u>Howcroft v. City of Peabody</u>, 51 Mass. App. Ct. 573, 591-592 (2001). "By the terms of G.L. c. 4, § 7, its definitions govern the construction of statutes unless a contrary intention clearly appears, and here there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions." <u>Howcroft</u>, 51 Mass.App.Ct. at 591-592.

B.  COUNT XIV MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE PRESENTMENT REQUIREMENTS OF M.G.L. C. 258.

The Massachusetts Tort Claims Act (hereinafter "the Act") was intended as "a comprehensive and uniform regime of tort liability for public employers." <u>Lafayette Place Assoc. v. Boston Redevelopment Authority</u>, 427 Mass. 509, 534 (1998). The Act provides the sole

---

[1] Count IV also alleges that Defendants Feeney, Figueroa, and Hightower violated the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I. Defendant City of Boston's Motion to Dismiss argues for dismissal of Count IV solely as to the Defendant, City of Boston.

3

remedy for persons alleging torts against municipalities, and it clearly immunizes them from liability for intentional torts. <u>Lafayette</u>, 427 Mass. at 533-35. The presentment requirements provided in Section Four of Chapter 258 are very specific, and failure to provide adequate written notice to the public employer negates the claimant's cause of action. <u>See</u> M.G.L. c. 258, §4. <u>See also</u>, <u>Weaver v. Commonwealth</u>, 387 Mass. 43, 45 (1982); <u>Johnson v. Trustees of Health and Hospitals of the City of Boston</u>, 23 Mass. App. Ct. 933, 500 N.E.2d 1362 (1986); <u>Spring v. Geriatric Authority of Holyoke</u>, 394 Mass. 274 (1985); <u>Pruner v. Clerk of the Superior Court in the County of Norfolk</u>, 382 Mass. 309 (1981).

The statute provides in pertinent part:

> A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim **in writing to the executive officer** of such public employer within two years after date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. . .

M.G.L. c. 258, §4 (emphasis added). Accordingly, timely presentment must be made in strict compliance with the statute, and the executive officer must be given six months to settle or deny the claim. Only then can a civil action pursuant to M.G.L. c. 258 be commenced.

Significantly, the "executive officer" is the entity to whom the claimant must make presentment of the claim within two years after the date of the cause of action accrued. M.G.L. c. 258, §4. The statute further defines "executive officer" as "the mayor of a city, or as designated by the charter of the city." <u>Id</u>. In 1988, the

4

legislature's amendments to Section Four of chapter 258, expanding the presentment of claims, provided "[n]otwithstanding the provisions of the proceeding paragraph, in the case of a city or town, presentment of a claim pursuant to this section shall be deemed sufficient if presented to any of the following: mayor, city manager, . . . corporation counsel, . . . [and] city clerk." Id.

Without actual presentment made in strict compliance with the statute, the executive officer with the authority to settle a claim would not be assured an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made.  Weaver, 387 Mass. At 47.  The Supreme Judicial Court has recognized that the purpose of presentment is to "preserve the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against governmental entities which are valid. . . Presentment requirements. . . attempt to strike a balance between public fairness and promoting effective government."  Kinan v. Trial Court, 400 Mass. 582, 585 (1987).

In the instant case, Plaintiff failed to comply with the notice requirements established in Section 4 of the Act.  First, Plaintiff to this date has not given the Executive Officer of the Defendant, City of Boston, or any of the proper entities designated by statute written notice of his claim in accordance with M.G.L. c. 258, §4.  Failure to give such notice is fatal to Plaintiff's action, and Defendant's Motion to Dismiss Count XIV must be granted.  Though Plaintiff provided the Defendant with a copy of a letter dated January 30, 2002,

5

addressed to Alicia McDonald, an attorney at the Boston Police Department Office of Legal Advisor in response to the Defendant's Motion to Dismiss Plaintiff's Original Complaint, (attached as Exhibit A), the letter fails to meet the rigid notice requirements provided by statute, for several reasons.

First, Plaintiff's chapter 258 claim must be dismissed because McDonald is not the executive officer for the City of Boston. She is not the mayor of the City of Boston; she is not the corporation counsel for the City of Boston; she is neither the "city manager" nor the City Clerk. In sum, she does not occupy any of the positions designated by statute.

Moreover, McDonald has not been designated by the City's charter to serve as the entity or person with whom a claimant must first present a claim to before filing suit. Therefore, the Mayor, the City Clerk, and the Corporation Counsel never received a notice letter. Accordingly, Plaintiff has not made presentment within the meaning of M.G.L. c. 258, §4, and the legislative grounds for establishing the notice requirement have not been met.

Second, plaintiff's negligence action must be dismissed because he failed to provide adequate information to apprise the City of the basis for his negligence action: the very purpose of the prerequisite to suit under the Act. Thus, even if this Court were willing to turn a blind eye to the fact that Plaintiff's January 30, 2002, letter was sent to the wrong entity in contradiction of the statutory requirements, the letter still fails to meet the basic notice requirements pursuant to M.G.L. c. 258, §4. The letter provides no

specific details regarding the negligent acts for which the Plaintiff alleges the City is liable. In fact, the letter merely states, "please be advised that my client intends to file a claim based on medical and emotional damage he incurred at the hands of the Boston Police pursuant to the Massachusetts Tort Claims Act." (Exhibit A).

Indeed, reading the January 30, 2002, letter in conjunction with Plaintiff's negligence Count XIV against the City, it is next to impossible that the letter would alert the City that Plaintiff intended to sue for "the negligence of the defendants" (Plaintiff's Amended Complaint, ¶56); for "negligent supervision and training" (Plaintiff's Amended Complaint, ¶57); for "negligently investigate[ing] citizens' complaints of police misconduct" (Plaintiff's Amended Complaint, ¶58); "negligently handcuffing prisoners before booking" (Plaintiff's Amended Complaint, ¶59).

Accordingly, notwithstanding the fact that Plaintiff's Amended Complaint asserts numerous negligence theories, because none were indicated in his January 30, 2002, letter, all fall short of meeting the statutory notice requirement. As explained more fully below, under the case law of the Commonwealth, vague letters noting an intention to file suit "based on the medical and emotional damage . . . incurred at the hands of the Boston Police Department" such as the January 30, 2002, letter, do not come close to constituting proper presentment of the multiple negligence claims Plaintiff asserts in Count XIV of his Amended Complaint.

Moreover, in his Amended Complaint, Plaintiff appears to rely on an alternative source of notice: he contends that "notice of claim was

7

served on the defendant, City of Boston, through Internal Affairs Division of the Boston Police Department." (See Amended Complaint ¶ 60).[2] To the extent Plaintiff's allegation in paragraph 60 suggests that by filing his complaint with the IAD alleging Defendant William Feeney employed excessive force, he has complied with the Act's notice requirements, Plaintiff's negligence count must be dismissed. Filing an IAD complaint does not constitute notice under the Massachusetts Tort Claims Act framework. Rather, Plaintiff's complaint to the IAD is defective for two reasons: (1) the required presentment was not made to the executive officer of the public employer (as discussed above); (2) the IAD complaint does not allege negligence, but rather it asserts that Defendant William Feeney committed intentional torts (for which recovery against the City is barred by the Act, specifically G.L. c. 258, §10(c)).

Assuming arguendo that an IAD complaint could be construed as a form of notice, certainly in this case, given the facts alleged in the IAD complaint and the instant Complaint it cannot be said that the City of Boston was on notice that the Plaintiff was stating a claim for negligence against the City. In fact, the IAD Complaint related solely to Defendant William Feeney's alleged excessive force, it never mentioned any negligence claim against the City of Boston on any

---

[2] It is unclear whether Paragraph 60 is also a reference to the January 30, 2002, letter attached as Exhibit A. Regardless, neither the IAD complaint nor the January 30, 2002, letter provide "notice" that Plaintiff intended to sue the City for negligent supervision, negligent training, negligent investigation of citizens complaints, or negligent handcuffing before booking. As noted above, the Plaintiff's January 30, 2002, letter solely states that Plaintiff will be suing for medical and emotional damage "incurred at the hands of the Boston Police . . ." Thus, by his own terms, Plaintiff's January 30, 2002, letter eludes to intentional conduct not a negligent theory.

theory.  Accordingly, Plaintiff's attempt to convert an IAD complaint into a presentment letter should not be allowed and Count XIV must be dismissed for failure to comply with the rigid statutory requirement.

No matter whether this court considers the January 30, 2002, letter, the IAD complaint, or both, it is clear that M.G.L. c. 258, §10(c) provides the City of Boston with immunity from Plaintiff's catalogue of negligence theories.  As the statute immunizes a municipality from suit for: "any claim arising out of an intentional tort including assault, battery, false imprisonment, false arrest, intentional mental distress . . ." Accordingly, there is simply no basis to characterize Plaintiff's IAD complaint or January 30, 2002, letter which refer to alleged intentional conduct as somehow constituting presentment of a negligence action against the City of Boston for any possible theory such as negligent supervision, training, handcuffing or investigation of citizens' complaints.

Courts routinely dismiss suits for negligence under Chapter 258, if the presentment letter failed to provide precise identification of the legal basis for a plaintiff's claim.  For instance, in <u>Tambolleo v. Town of West Boylston et al</u>, 34 Mass. App. Ct. 526; 613 N.E.2d 127 (1993), the Massachusetts Appeals Court dealt with the question of whether letters to the Town of West Boylston alleging that that one of its police officers, John Sargent, had assaulted plaintiffs and caused them bodily injury constituted "notice" of a negligence claim under M.G.L. c. 258, §4.  The <u>Tambolleo</u> Court held that said letters did not satisfy the statutory presentment required to file suit under M.G.L. c. 258, because they merely apprised the Town of a claim arising out

9

of an intentional tort.  Accordingly, for the same reasons the letters in Tambolleo failed to constitute notice, here the January 30, 2002, Letter and the IAD complaint similarly fail to comply with the statute.   As in Tambolleo, the Letter and the IAD complaint, "do no more than make a claim on the basis of an identified act for which immunity is expressly provided."  Tambolleo, at 533, 131.

Moreover, in Wightman v. Methuen, 26 Mass. App. Ct. 279, 526 N.E.2d 1079 (1988), the Court of Appeals barred a negligence count alleged in plaintiff's complaint when the negligence theory was not raised in the presentment letter.  Specifically, the Wightman Court held that though the plaintiff had made presentment, it was nonetheless insufficient to support plaintiff's count for negligently obtaining medical attention given that the presentment letter focused solely on a claim for negligent supervision.  Id. at 282.  Similarly in this case, neither the January 30, 2002, letter nor the IAD complaint can be read to have notified the City of Plaintiff's myriad negligence theories plead in Count XIV of his Amended Complaint.  This deficiency compels dismissal.

Moreover, to the extent Plaintiff relies on the holding of Gilmore v. Commonwealth, 417 Mass. 718; 632 N.E.2d 838 (1994), his negligence claim still must be dismissed as Gilmore is distinguishable from the case at bar.  Gilmore concerned a negligence action against Middlesex County and the Commonwealth of Massachusetts for negligent infliction of emotional distress brought by the sister of a woman killed by a man who was released on furlough.  Unlike in the instant case, Gilmore's attorney had sent notice letters to the proper

Executive Officers of the two public entities. Also unlike this case, the notice letters reviewed in Gilmore provided specific details and facts underlying their suit for negligence. In fact, the plaintiff in Gilmore attached to her presentment letter a copy of the nineteen-page amended complaint, referenced in the letter. Id. 720. This attached complaint explicitly alleged that as a result of the furlough the Gilmore family had suffered severe emotional distress as a consequence of the entities "negligence and gross negligence." Id. at 723. Here, both the January 30, 2002, letter and the IAD complaint fall far short of alleging or even hinting at the numerous negligence theories plaintiff now asserts against the Defendant. Gilmore is clearly distinguishable and does not render Plaintiff's attempts to circumvent the statutory requirements under the Act valid.

Further, even if either the IAD Complaint or the January 30, 2002, letter could be construed as proper notice to the City of Boston of Plaintiff's allegations regarding Defendants' conduct, neither could ever form the basis of liability under the Act because intentional torts are explicitly excluded from the scope of M.G.L. c. 258. As noted above, Count XIV of Plaintiff's Amended Complaint incorporates the previous fifty-four paragraphs and alleges that the City of Boston is negligent for the conduct of its defendants. (see Complaint ¶¶55 and 56). However, the previous fifty-four paragraphs alleged purely intentional conduct---that the Defendant Police Officers acted with deliberate indifference toward Plaintiff, that they falsely arrested and imprisoned Plaintiff, and that they inter alia choked, punched and kicked plaintiff, for instance. As pleaded

in the Amended Complaint, the conduct alleged is willful, reckless, or intentional---rather than negligent.  Therefore, said conduct cannot form the basis for a negligence action.

As such, Count XIV the Amended Complaint as pleaded does not state a cause of action for negligence against the City of Boston, and should be dismissed.

## IV.   CONCLUSION

For the reasons stated above, the Defendant, City of Boston, respectfully requests that Counts IV and XIV of Plaintiff's Amended Complaint be dismissed with prejudice.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorneys:

s/ Kate Cook
_____
James M. Chernetsky, Esq.
BBO# 638152
Kate Cook, Esq.
BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048 (Chernetsky)
(617) 635-4022 (Cook)

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

    I hereby certify that Kate Cook, Esq., co-counsel for the City of Boston, discussed the bases for this motion with counsel for the Plaintiff by telephone on November 22, 2004, but that counsel have been unable to resolve the issues presented by this motion prior to its filing.


11/29/04                              s/ James M. Chernetsky
_____                            _____
Date                                  James M. Chernetsky