UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************
ANTONIO CORREIA
    Plaintiff,                   CIVIL ACTION NO.: 04-CV11335-RCL
v.

THE CITY OF BOSTON, and
WILLIAM FEENEY, and
ANGEL FIGUEROA, and
STACEY HIGHTOWER,
    Defendants.
*******************************

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNT XIV**

## I. INTRODUCTION

The Plaintiff in the above-captioned matter filed an Amended Complaint against the City of Boston setting forth the following claims:

1. Civil Rights Violation under M.G.L. c.12, §11I (Count IV);

2. Negligence (Count XIV);

3. Civil Rights violations under 42 U.S.C., §1983 (Count XV).

## II. STANDARD OF REVIEW

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 69 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the Plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

**III.    ARGUMENT**

    A.    BECAUSE THE PLAINTIFF HAS SUFFICIENTLY SATISFIED THE NOTICE REQUIREMENT OF M.G.L. c. 258 COUNT XIV SHOULD NOT BE DISMISSED

It is well settled that the Mass Tort Claims Act (hereinafter, "the Act") was intended to provide a uniform regime of tort liability for public employees. LaFayette Police Assoc. v. Boston Redevelopment Authority, 427 Mass. 509, 534 (1998). Additionally, a presentment requirement is provided in Section Four of Chapter 258. *See* Johnson v. Trustees of Health and Hospitals of the City of Boston, 23 Mass App. Ct. 933 (1986); Printer v. Clerk of the Superior Court in the County of Norfolk, 382 Mass. 309 (1981). With respect to the presentment requirement, the Superior Judicial Court has, it is respectfully submitted, directed reviewing courts to apply the statute in a manner consistent with its intent wherein "…a balance between public fairness and promoting effective government" can be accomplished. Kinan v. Trial Court, 400 Mass. 582, 585 (1987).

In the instant case, it is abundantly clear that the municipality had actual and constructive notice of the Plaintiff's claim literally from the date of the incident. The purpose and intention of the statute is to inform the Defendant of the claim in time to accomplish an investigation of the incident.

First, the incident was reported in the Boston Globe, local news publication and to local representatives of the City of Boston. Second, an immediate investigation was commenced by the Boston Police and the Suffolk County District Attorney's Office with respect to criminal charges filed against the Plaintiff, Antonio Correia, for Assault & Battery and Assault and Battery by Means of a Dangerous Weapon. Third, Internal

Affairs conducted a full investigation into the actions of Officer Feeney subsequent to a complaint filed upon the Boston Police Department. Internal Affairs in conjunction with Attorneys for the Boston Police had witnesses appear and give detailed statements under direct examination by members of the Internal Affairs Division.

It is disingenuous and nonsensical for the City of Boston to claim it was not "alerted" to the Plaintiff's claims of negligence against the City. The Plaintiff gave exhaustive interviews to Internal Affairs, counsel in the criminal case was engaged in lengthy litigation to acquire Internal Affair files, and the Plaintiff asserted said claims under oath during a criminal trial.

The Plaintiff's claims were presented to a myriad of city officials over a 20-month period. All the facts, claims, and injuries sustained by the Plaintiff were chronicled and investigated by several departments within the City of Boston. Aside from the actual complaint filed with Internal Affairs, the Plaintiff, his wife, and several witnesses were interviewed by Internal Affairs. As a result, reports were generated and distributed to counsel for the Boston Police, the District Attorney's Office, and, we would contend, the City of Boston. The Plaintiff repeatedly stated that Officer Feeney and the other officers were not properly supervised by the City nor were they properly trained or reprimanded by the City for similar incidents that had occurred prior to the incident of the instant case.

At all relevant times from the date of the incident, the City was on actual and constructive notice with respect to the Plaintiff's claims of negligence. The City was aware of the criminal trial, the discovery that occurred prior to trial, and the extensive litigation that occurred between defense counsel in the criminal matter for the Plaintiff

and lawyers for the City of Boston Police Department. Throughout every stage of the Internal Affairs Division investigation, the criminal investigation and the criminal trial, the Plaintiff maintained that the City of Boston was responsible for not training these officers properly, ignoring prior citizen complaints against Officer Feeney, and refusing to supervise the activities of these officers in the community.

Finally, the Defendant asserts that the Plaintiff did not allege any conduct beyond the intentional acts, which are excluded by the statute, M.G.L. c. 258. However, the Amended Complaint filed by the Plaintiff belies this contention. The Plaintiff has properly alleged facts of negligence against the City of Boston both in the Amended Complaint and from the date of the incident from which the instant claims arise. *See* Plaintiff's Amended Complaint. Therefore, the Plaintiff has alleged negligent conduct that properly forms the basis of the negligence action commenced against the City of Boston.

The Kinan Court cited above focused on the fact that the presentment statute was an "…attempt to strike a balance between public fairness and promoting effective government". In this case, it would defy credulity to contend that the City of Boston was not on notice of the claims repeatedly and consistently asserted against the City of Boston over a 2-year period. The Boston Police Internal Affairs Division, the District Attorney's Office and local city representatives were all focused on the claims of the Plaintiff made and published in the Boston Globe, presented orally and in writing to the Internal Affairs Division, presented to the District Court in months of litigation with attorneys for the Boston Police, and in a criminal jury trial held in Roxbury District Court wherein the Plaintiff testified on his own behalf and was acquitted of all charges.

Public fairness anticipated by the plain language of the statute should allow this court to find that the City of Boston had actual and/or constructive notice of any and all negligence claims asserted by the Plaintiff from the date of the incident that forms the basis of the claims averred in the Plaintiff's Amended Complaint.

## IV.  CONCLUSION

Based on the foregoing, the Plaintiff, Antonio Correia, respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss Count XIV.

> Respectfully submitted,
> The Plaintiff,
> By his attorneys,
>
> /s *Nicholas J. Di Mauro*

Dated:

> Nicholas J. Di Mauro – BBO#564241
> Law Offices of Nicholas J. Di Mauro
> 111 South Bedford Street, Suite 208
> Burlington, Massachusetts 01803
> (781) 273-3801
>
> */s Mark E. Burke*

Dated:

> Mark E. Burke – BBO#556166
> Law Office of Mark E. Burke
> 111 South Bedford Street, Suite 208
> Burlington, Massachusetts 01803
> (781) 273-3801