UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ANTONIO CORREIA
    Plaintiff,                     CIVIL ACTION NO.: 04-CV11335-RCL
v.

THE CITY OF BOSTON, and
WILLIAM FEENEY, and
ANGEL FIGUEROA, and
STACEY HIGHTOWER,
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF, ANTONIO CORREIA'S, OPPOSITION TO DEFENDANT, WILLIAM FEENEY'S, MOTION FOR LEAVE OF COURT TO AMEND HIS ANSWER AND ADD A COUNTERCLAIM

Now comes the Plaintiff, Antonio Correia, who respectfully moves this Honorable Court to deny the Defendant, William Feeney's, Motion for Leave to Amend His Answer and Add a Counterclaim pursuant to Fed. R. Civ. P. 13(f). As grounds therefore, the Plaintiff states that:

1. The alleged incident in this matter, which forms the basis for the Plaintiff's Complaint, occurred on July 5, 2001. The counterclaim defendant's cause of action accrued at the time of the alleged injury. M.G.L. c.260§2A. Under Massachusetts law, the general rule for tort claims is that the cause of action accrues at the time of injury O'Rourke v. Jason, Inc., 978 F. Supp. 41 (D. Mass. 1977)[1]

2. The alleged incident, which forms the basis of the Plaintiff's Complaint was thoroughly investigated by Internal Affairs on or about July 9, 2001.

---

[1] Further, under the "discovery rule" the counterclaim defendant knew or could have known of both the injury as well as the cause of the injury on July 5, 2001. Arthur D. Little Intern., Inc. v. Dooyang Corp., 928 F. Supp. 1189 (D. Mass 1996).

3. From July 9, 2001 through November 2003, the Plaintiff, attorney for the Boston Police Department and members of the Suffolk County District Attorney's Office were engaged in extensive discovery related to criminal charges filed against the Plaintiff in Roxbury District Court.

4. The Defendant, William Feeney, (hereinafter, "Feeney") had in excess of 3 years to discover any and all claims and counterclaims, and Feeney, fully participated in the Internal Affairs Division's investigation, the discovery process at the district court level and he testified at trial in November of 2003.

5. Feeney, based on the extensive litigation and discovery that occurred in the Roxbury District Court, as well as the time that elapsed subsequent to the Plaintiff's acquittal in November, 2003 had ample time to discover any and all valid claims or counterclaims that may have existed prior to the running of the statute of limitations.

6. Feeney cannot, after more than 3 years of deliberation on the instant allegations, be said to have omitted his compulsory counterclaim[2] through "oversight."  See ¶1, Defendant's Motion to Amend Answer and Add Counterclaim.

7. Allowing this motion subsequent to the extensive period of time Feeney had to discover and assert any and all claims or counterclaims would be in contravention of Fed. R. Civ. P. 13(f) and, more importantly, would not serve the interests of justice.

---

[2] Rule 13(a) provides for a compulsory counterclaim "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Here, the basis for the allegations in the counterclaim arise out of the incident that lead to the lawsuit and therefore, Mr. Feeney was obligated to bring all claims which he had against Mr. Correia.

WHEREFORE, the Plaintiff, Antonio Correia respectfully requests that this Honorable Court deny the Defendant, William Feeney's, Motion for Leave of Court to Amend His Answer and Add a Counterclaim.

Respectfully submitted,
The Plaintiff, Antonio Correia
By his attorneys,

Dated: 6/1/05

/s/ *Nicholas J. Di Mauro*
_____
Nicholas J. Di Mauro – BBO#564241
Law Offices of Nicholas J. Di Mauro
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801

Dated: 6/1/05

/s/ *Mark E. Burke*
_____
Mark E. Burke – BBO#556166
Law Office of Mark E. Burke
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801