UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11335-RCL

ANTONIO CORREIA

v.

CITY OF BOSTON, WILLIAM FEENEY, ANGEL FIGUEROA, and STACEY HIGHTOWER

**DEFENDANTS ANGEL FIGUEROA, STACEY HIGHTOWER AND CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

I.  **INTRODUCTION**

Plaintiff, Antonio Correia ("Plaintiff"), filed suit against Sergeant William Feeney ("Feeney"), Officer Angel Figueroa ("Figueroa"), Officer Stacey Hightower ("Hightower"), and the City of Boston (the "City") on June 23, 2004. Plaintiff's Complaint alleges Sergeant Feeney and Officers Figueroa and Hightower assaulted, battered, and falsely arrested him without probable cause violating his constitutional right to be free from unreasonable seizures.  Defendants maintain that the actions of Officers Figueroa and Hightower did not constitute a violation of any of Plaintiff's rights, are protected by qualified immunity, and thus, they are entitled to summary judgment as a matter of law as to all counts directed at and related to the actions of Officers Figueroa and Hightower.

## II. BACKGROUND[1]

During an altercation between Sergeant Feeney and Plaintiff, Sergeant Feeney radioed for backup. *SOF*, ¶ 3. While Plaintiff was resisting Sergeant Feeney's attempts to handcuff him inside Plaintiff's vehicle, Officer Figueroa responded to Sergeant Feeney's call for help and, upon arrival, discovered Sergeant Feeney struggling with Plaintiff. *SOF*, ¶ 4. Officer Figueroa approached the vehicle, opened the front passenger's door and assisted Sergeant Feeney in removing Plaintiff from his vehicle in order to effectuate an arrest. *SOF*, ¶ 5.

As Officer Figueroa and Sergeant Feeney were attempting to remove Plaintiff from his vehicle, Officer Hightower arrived at the scene in response to Sergeant Feeney's radioed request for backup, and assisted in the handcuffing of Plaintiff by placing her knee on Plaintiff's back. *SOF*, ¶ 6. Plaintiff was not successfully handcuffed and/or subdued until additional officers arrived at the scene. *SOF*, ¶ 6.

## III. STANDARD OF REVIEW

To prevail on summary judgment, the moving party must establish there is no genuine issue of material fact on every element of a claim, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pure Distrib., Inc. v.*

---

[1] This background is intended to provide a brief description of the facts and circumstances of this case. For a more thorough description, please refer to *Defendants Angel Figueroa's and Stacey Hightower's Local Rule 56.1 Statement of Facts* ("*SOF*"), attached hereto and made a part hereof.

2

*Baker*, 285 F.3d 150, 154 (1st Cir. 2002). Summary judgment is appropriate when plaintiff fails to show sufficient evidence to establish an essential element of his case, on which he bears the burden of proof at trial. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999). "Once the movant avers an absence of evidence to support the nonmoving party's case, the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material.'" *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir. 1991) *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) and cases cited. "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

In this case, Plaintiff is unable to meet his burden or is unable to raise a genuine dispute of fact, and therefore, the Defendants are entitled to summary judgment as a matter of law.

**IV. ARGUMENT**

   **A. Officers Figueroa and Hightower had probable cause to arrest Plaintiff, and therefore, did not violate Plaintiff's Constitutional Rights under § 1983.**

The summary judgment record establishes that Officers Figueroa and Hightower had sufficient probable cause to arrest Plaintiff, and thus, no constitutional violation occurred. The facts and circumstances known to Officers Figueroa and Hightower at the time they reached the scene of the incident provided them with reasonably trustworthy information that the Plaintiff had committed or was continuing an assault and battery on a police officer, namely, Sergeant Feeney. As the First Circuit has explained, "[p]robable cause is a relatively low threshold, defined as 'the facts and circumstances within [an officer's] knowledge and of which [she] had reasonably trustworthy information [and that] were sufficient to warrant a prudent [person] in believing the [defendant] had committed or was committing an offense." *White v. Town of Marblehead*, 989 F.Supp. 345, 349 (D. Mass. 1997), *citing Rivera v. Murphy*, 979 F.2d 259, 263 (1st Cir. 1992). "If reasonable grounds to arrest exist, probable cause is established and there is no further duty to investigate." *Id.*, *citing Franco-de Jerez v. Burgos*, 876 F.2d 1038 (1st Cir. 1989). And, moreover, "though probable cause requires more than mere suspicion, it does not require the same quantum of proof as needed to convict." *Id.* (omitting

4

citation).  The Court has recognized that "officers are obliged to make split-second decisions.  Once there is probable cause to believe that a crime has taken place, the law has recognized the need for urgent and decisive action."  *Id.* at 350.  The First Circuit has recently held:

> Probable cause for an arrest exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be) committed and that the putative arrestee likely is one of the perpetrators… the focus is not on certitude, but rather on the likelihood of criminal activity.

*Acosta v. Ames Department Stores*, 386 F.3d 5, 10 (1st Cir. 2004).  The existence of probable cause depends on the "totality of the circumstances."  *Rivera*, 979 F.2d at 263.  The inquiry is objective, not subjective: "the probable cause inquiry is not necessarily based upon the offense actually invoked by the arresting officer but upon whether the facts known at the time of the arrest objectively provided probable cause to arrest." *U.S. v. Jones*, 432 F.3d 34, 41 (1st Cir. 2005), *citing Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).  In other words, "probable cause need only exist as to *any* offense that could be charged under the circumstance."  *U.S. v. Bizier*, 111 F.3d 214, 219 (1st Cir. 1997) (emphasis added).

The undisputed facts of this case establish that both Officers Figueroa and Hightower had probable cause to arrest

5

Plaintiff.  At the time of their arrival at the scene, the information known to Officers Figueroa and Hightower was that a superior Officer had requested backup.  Couple that with the observations made by the Officers at the arrival of the scene – namely Plaintiff struggling with (in Figueroa's case) the superior Officer who had requested backup, and (in Hightower's case) with the superior Officer who had requested backup and a responding Officer.  Clearly, the information and observations of the Officers at the arrival of the scene were sufficient to warrant their actions in assisting in the subduing and arresting of Plaintiff.  Moreover, the record shows that at the time of their arrival at the scene, not only were the Officers actions appropriate but they were also within their discretion as they had probable cause to arrest the Plaintiff for two different crimes.

First, Officers Figueroa and Hightower had probable cause to arrest Plaintiff for assault and battery on a police officer. Under G. L. c. 265, § 13D, a person commits the offense of assault and battery on a police officer if he engages in "purposeful and unwelcomed contact with a person the defendant knows to be a law enforcement officer actually engaged in the performance of official duties."  *U.S. v. Santos*, 363 F.3d 19, 23 (1st Cir. 2004) *quoting U.S. v. Fernandez*, 121 F.3d 777, 778 (1st Cir. 1997).  Neither violence nor the use of force is an

essential element of the offense. *Id.* Here, the undisputed evidence demonstrates that Officers Figueroa and Hightower arrived and witnessed Plaintiff and Sergeant Feeney physically struggling. They also had information that Sergeant Feeney had requested assistance, and thus, the information available to the Officers and their first-hand observations were sufficient to provide them with probable cause to arrest Plaintiff for assault and battery on a police officer. *See U.S. v. Brown*, 169 F.3d 89, 92 (1st Cir. 1999) (holding that after suspect pushed officer, officer had probable cause to arrest suspect for assault and battery on a police officer).

Officers Figueroa and Hightower also had probable cause to arrest Plaintiff for resisting arrest. Under G. L. c. 268, § 32B, a person commits the offense of resisting arrest "if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest ... by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." Here, the record shows that Officers Figueroa and Hightower witnessed Plaintiff resisting when Sergeant Feeney attempted to handcuff him. In addition, as Officers Hightower and Figueroa were assisting in the subduing and arresting of Plaintiff, Plaintiff physically

7

resisted having the handcuffs placed on him, and continued to struggle with the Officers. The information vis-à-vis an Officer in distress, the observations made by the Officers upon their arrival at the scene, and the first-hand witnessing of Plaintiff's resistance were sufficient to provide Officers Figueroa and Hightower with probable cause to arrest the Plaintiff.

Because of the aforementioned, it is of no consequence whether Sergeant Feeney had probable cause to arrest Plaintiff for attempted assault by means of a dangerous weapon; Officers Figueroa's and Hightower's participation in Plaintiff's arrest was valid based on their observations and interaction with Plaintiff. Accordingly, Officers Figueroa and Hightower are entitled to summary judgment on Plaintiff's claim against them. Consequently, the City is entitled to summary judgment as to all claims as they relate to Officers Figueroa and Hightower.

    **B.** **Officers Figueroa and Hightower Acted Reasonably and Their Conduct is Protected by Qualified Immunity.**

Officers Figueroa and Hightower are also entitled to summary judgment as their actions were protected by the qualified immunity doctrine. "Qualified Immunity is an affirmative defense for government officers in § 1983 suits which allege constitutional violations." *Jarrett v. Town of Yarmouth*, 309 F.3d 54, 61 (1st Cir. 2002). Qualified immunity

is available to protect police officers from personal liability in response to actions made in their official capacity. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  Without qualified immunity, all decisions and actions by every police officer would require time and analysis that is often not available to the officers and would act as a detriment to the police properly performing their functions.  *See Vargas-Badillo v. Diaz-Torres*, 114 F.3d 3, 7 (D. Puerto Rico, 1997).  "We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable."  *Anderson*, 483 U.S. at 641, *citing Malley v. Briggs*, 475 U.S. 335, 344-45 (1986).

Moreover, because qualified immunity may have the effect of relieving liability against an officer, it is therefore necessary to determine this question at the earliest possible point in the proceedings.  *See Anderson*, 483 U.S. 635.  The U.S. Supreme Court provides, "we have repeatedly stressed the importance of resolving immunity questions at the earliest stage in litigation."  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Qualified immunity exists if an objectively reasonably person would have believed the conduct to be lawful at the time.

*See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity protects those who pass the two-prong test explained in *Saucier*. 533 U.S. 194. First, the reviewing Court must ask whether a constitutional right has been violated. *Id.* at 201. "If no right would have been violated […] there is no necessity for further inquiries concerning qualified immunity." *Id.* However, a constitutional violation does not automatically make qualified immunity inapplicable; the *Saucier* test ask whether the constitutional right was clearly established at the time of the violation, so that the officer would have known that the conduct was unlawful. *Id.* This second inquiry should be answered by analyzing the facts "in light of the specific context of the case, not as a broad proposition." *Id.* In this case, the actions of Hightower and Figueroa are protected by qualified immunity because no constitutional violation occurred and the arrest of the Plaintiff was lawful.

 Specifically, as to the first prong, the record is devoid of any evidence supporting Plaintiff's contention that Officers Figueroa and Hightower violated his constitutional rights. Although it is undisputed that Plaintiff has a constitutional right to be free from *unreasonable* seizures under the Fourth Amendment, here, the evidence shows Plaintiff's rights were not violated because, as discussed *supra*, any seizure of Plaintiff was reasonable and based on probable cause. Therefore, the

actions of Hightower and Figueroa are protected by qualified immunity.

As to the second prong, the record shows that the Officers' knowledge and observations were sufficient to warrant their belief that the arrest being effectuated was lawful. Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341. Officers Figueroa and Hightower acted competently and reasonably in lieu of the information known to them and the observations made by them. Furthermore, because neither Officer Figueroa nor Officer Hightower acted unlawfully, the City of Boston is likewise without liability with respect to the counts against them. *See White*, 989 F.Supp. at 353.

In addition, it is clear Officers Figueroa and Hightower are entitled to qualified immunity because they reasonably relied on a fellow officer who did or should have known the substantive law and the facts and who, based on such knowledge, initiated the arrest of Plaintiff. *See Liu v. Phillips*, 234 F.3d 55, 57 (1st Cir. 2000). Their decision to render assistance must be judged against an objective standard: "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *See Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). It is well-settled that police

11

officers without complete knowledge of the facts regularly participate in arrests ordered or authorized by superiors or fellow officers. *Id.*

Furthermore, where the initial arresting officer has made a factual mistake invisible to the assisting officer, the latter cannot be held liable for the decision to arrest. *Liu*, 234 F.3d at 58, *citing United States v. Hensley*, 469 U.S. 221, 232 (1985). To hold otherwise would cripple the function of police force by abrogating an officer's ability to rely in good faith on the judgment of his fellows. See *id.*, *citing Whiteley v. Warden*, 401 U.S. 560 (1971). Officers who reasonably relied on superior officers have been held to be entitled to qualified immunity even if the officer who gave the direction acted on a misapprehension as to the law. *Id.; Bilida v. McCleod*, 211 F.3d 166, 174-75 (1st Cir. 2000).

Here, Officers Figueroa and Hightower responded to a *superior* officer's distress call. When they arrived at the scene, they witnessed a physical struggle between a *superior* officer and what they reasonably deduced to be an offender. The record establishes Officers Figueroa and Hightower participated in the arrest based on their reasonable reliance on, not only the radioed request for assistance, but also their own immediate observations. Thus, even if Sergeant Feeney's decision to arrest the Plaintiff was not supported by the law, the conduct

of Officers Figueroa and Hightower was in good faith and reasonable.

Therefore, although the evidence shows Plaintiff's constitutional rights were not violated by Officers Figueroa and Hightower, their conduct is nonetheless shielded by the qualified immunity doctrine.

## V.  CONCLUSION

For the foregoing reasons, and those orally presented to the Court or in a reply brief filed subsequent to Plaintiff's opposition, if any, the Defendants, Angel Figueroa, Stacey Hightower, and City of Boston, request this Honorable Court enter summary judgment in their favor as to all counts of Plaintiff's Complaint as they relate to the conduct and/or actions of Officers Figueroa and Hightower, with prejudice.

DEFENDANTS, CITY OF BOSTON, ANGEL FIGUEROA and STACEY HIGHTOWER

William F. Sinnott,
Corporation Counsel

By their attorneys

/s/ Nicole Murati Ferrer
_____
Nicole Murati Ferrer, BBO #661474
Assistant Corporation Counsel
Scott C. Holmes, BBO #544545
Senior Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045 (Murati Ferrer)
(617) 635-4042 (Holmes)

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true copy of the above document was served upon all parties of interest/record by EFC mailing.**

| | |
|---|---|
| **8/15/07** | **/s/ Nicole Murati Ferrer** |
| **Date** | **Nicole Murati Ferrer** |