**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-CV-11335-RCL**

| |
|---|
| ANTONIO CORREIA<br><br>v.<br><br>CITY OF BOSTON, WILLIAM FEENEY, ANGEL FIGUEROA, and STACEY HIGHTOWER |

**DEFENDANTS ANGEL FIGUEROA, STACEY HIGHTOWER AND CITY OF BOSTON'S LOCAL RULE 56.1 STATEMENT OF FACTS AND SUPPORTING DOCUMENTATION**[1]

Pursuant to Fed. R. Civ. P. 56, Defendants Angel Figueroa ("Figueroa"), Stacey Hightower ("Hightower") and the City of Boston (the "City"), (collectively referred to as "Defendants"), submit the following statement of material facts to which there is no genuine dispute. The Defendants state the record shows the actions of Officers Hightower and Figueroa did not violate any of Plaintiff's rights and were protected by the doctrine of qualified immunity.

1. Plaintiff, Antonio Correia ("Plaintiff"), filed suit against Sergeant William Feeney ("Feeney"), Officers Figueroa and Stacey Hightower, and the City on June 23, 2004.

---

[1] All of the supporting documentation attached hereto are true and accurate copies. See Exhibit A, *Affidavit of Counsel*.

2. Plaintiff alleges Officers Figueroa and Hightower assaulted, battered and falsely arrested him without probable cause and violated his constitutional right to be free from unreasonable seizures.

3. During an altercation between Sergeant Feeney and Plaintiff, Sergeant Feeney radioed a call for assistance as an officer in distress. Exhibit B, *Deposition of Angel Figueroa*, pg. 53:10-24.

4. When Officer Figueroa arrived at the scene in response to Sergeant Feeney's call for help, he observed Sergeant Feeney struggling with Plaintiff. It appeared Sergeant Feeney was attempting to handcuff Plaintiff inside the vehicle, and in turn, Plaintiff was resisting. Ex. B, pgs. 54:1-6, 57:7-21; Exhibit C, *Defendant Angel Figueroa's Answers to Plaintiff's Interrogatories*, Answer No. 13.

5. Officer Figueroa approached the vehicle, opened the passenger-side door and assisted Sergeant Feeney in removing Plaintiff from his vehicle in order to effectuate an arrest. *Id.*; Exhibit D, *Deposition of Antonio Correia*, pg. 53:6-13.

6. As Officer Figueroa and Sergeant Feeney were attempting to remove Plaintiff from his vehicle, Officer Hightower arrived at the scene in response to Sergeant Feeney's

radioed request for backup, and assisted both officers, in their attempt to subdue and handcuff Plaintiff, by placing her knee on Plaintiff's back.  Plaintiff was successfully subdued and handcuffed after additional officers arrived at the scene.  Exhibit E, *Deposition of Stacey Hightower*, pgs. 32-33:11-16, 33:12-16, 35:1-8; Ex. D, 54:1-24, 58-59:19-6.

7. Officer Hightower assisted in the arrest pursuant to the standard policies and procedures of the Boston Police Department by placing her knee on Plaintiff's back while he was being handcuffed.  Ex. E, pgs. 45-46:19-18; Exhibit F, *Excerpt of Boston Police Department Rules and Procedures*, Rule 315.

DEFENDANTS, CITY OF BOSTON, ANGEL FIGUEROA and STACEY HIGHTOWER

William F. Sinnott,
Corporation Counsel

By their attorneys

/s/ Nicole Murati Ferrer
_____
Nicole Murati Ferrer, BBO #661474
Assistant Corporation Counsel
Scott C. Holmes, BBO #544545
Senior Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045 (Murati Ferrer)
(617) 635-4042 (Holmes)

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true copy of the above document was served upon all parties of interest/record by EFC mailing.**

| | |
|---|---|
| **8/15/07** | **/s/ Nicole Murati Ferrer** |
| **Date** | **Nicole Murati Ferrer** |