UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11335-RCL

```
ANTONIO CORREIA,
      Plaintiff,

v.

CITY OF BOSTON, WILLIAM
FEENEY, ANGEL FIGUEROA,
and STACEY HIGHTOWER,
      Defendants.
```

**DEFENDANT ANGEL FIGUEROA'S ANSWERS TO
PLAINTIFF'S INTERROGATORIES**

The Defendant Angel Figueroa answers the Interrogatories propounded by the Plaintiff as follows:

**GENERAL OBJECTIONS AND STATEMENTS**

1. The Defendant, Angel Figueroa objects to these interrogatories to the extent they seek information that is not discoverable under Rule 26(b)(1).

2. The Defendant, Angel Figueroa objects to any interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work-product doctrine, and any other available privilege under law that applies to a particular conversation or document.

3. The Defendant, Angel Figueroa objects to any interrogatory to the extent it seeks the disclosure of information that would violate privacy rights or any statutorily or judicially recognized protections and privileges, including confidential records and those materials prepared in anticipation of litigation.

4. The Defendant, Angel Figueroa objects to this set of interrogatories to the extent it exceeds the number of interrogatories allowed per party pursuant to Fed.R.Civ.P. 33(a).

**SPECIFIC RESPONSES AND OBJECTIONS**

*Subject to and without waiving any of the general objections, the Defendant, Angel Figueroa, responds as follows*:

INTERROGATORY NO.1

   What is your full name, badge or identification number, present height, weight and date of birth?

ANSWER NO. 1
Boston Police Officer Angel Figueroa
Identification #: 12119
Height: 5'6"
Weight: 148
Date of Birth: July 13, 1968

INTERROGATORY NO.2

   With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

   a. the name and address of any and all of your employer(s);
   b. for each job, the nature of your work and duties;
   c. for each job, the date and reason you left the employment;
   d.  if you were appointed to any positions, the date and term of the appointment, the person and position of the person who appointed you, and the name and address of the person or body to whom you were or are responsible.

ANSWER NO. 2

1.a.   U.S. Army Reserves, 323rd Maintenance CO. Barnum Road, Fort Devens, MA
   b.   Unit Armorer
   c.   Honorable Discharge
   d.   I obtained the rank of E-4 Specialist

2.a. Ropes & Gray Law Firm, 1 International Place, Boston, MA
   b. Service coordinator, worked service counter, handled deliveries and mail, supervised workflow and directed employees where to go.
   c. left for my current position at the Boston Police Department where I have worked since June 1998.
   d. N/A

3.a.   Boston Police Dept. BIS/DCU (N), 1 Schroeder Plaza, Boston, MA 02120
   b.   Law Enforcement

   c.   N/A
   d.   N/A

INTERROGATORY NO. 3

What, if any, educational requirements are prerequisite to appointment as a police officer of the City of Boston Police Department.

ANSWER NO. 3

The information sought is outside the scope of my duties as patrol officer, but to the best of knowledge and understanding, one is required to have a high school diploma or equivalent to be appointed a police officer of the City of Boston Police Department.  Also, one must complete the Boston Police Academy.

INTERROGATORY NO. 4

For any high school or institution or higher learning which you have attended, state the name and address of each institution, the date you attended and the degree or certification that you received.

ANSWER NO. 4
- I graduated from Dorchester High School in June 1986.
- I received a Fort Carson Logistics Certificate issued November 1989
- I received a certificate in Data Entry from the Computer Learning Center June 1990
- I received a certificate in P.L.D.C. from the Region I Non-Commissioned Officer Academy November 1991.
- I received a Basic Emergency Technology certificate from Northeastern College Spring 1992.
- I received an Associate in Science Degree from Quincy College in Criminal Justice.  I attended Quincy College from March 1, 2000-December 14, 2002.
- I attended the Louisiana State University Academy of Counter-Terrorist Education on January 3, 2002.

INTERROGATORY NO. 5

State the nature and duration of any training or experience as a police officer, which is a prerequisite to appointment as a police officer for the City of Boston Police Department.

ANSWER NO. 5

Training requirements are outside the scope of my duties as a patrol officer for the Boston Police Department.

INTERROGATORY NO. 6

Were you ever a defendant in any suit, which charged you, individually or in your official capacity as a police officer in the City of Boston Police Department, with abuse of your lawful authority? If yes, state for each suit:

    a.   the name and address of each plaintiff;
    b.   the name and address of each defendant;
    c.   the nature of the cause of action;
    d.   the date on which the suit was instituted;
    e.   the courting which the suit was instituted;
    f.   the name and address of the attorney for each party;
    g.   the result of each suit that has been concluded by judgment or settlement.

ANSWER NO. 6

    <u>Objection</u>. Defendant objects on the grounds that the Interrogatory seeks information that is equally available to the Plaintiff. Notwithstanding said objection, Defendant responds other than the above entitled action:

    a. Roy Owens
    b. <u>Objection</u>. Defendant objects to this Interrogatory insofar as it asks for residence address on the grounds that such information is privileged and an unwarranted invasion of personal privacy pursuant to M.G.L. c. 4 § 7 cl. 26 (c), M.G.L. c. 6 §§ 167-178B and M.G.L. c. 66 § 10. Notwithstanding and without waiving said objection the Defendant responds: City of Boston, Boston Police Department, Justina Ward, Officer Moriarty, Angel Figueroa.
    c. Alleged civil rights violations and negligence.
    d. June 12, 2002
    e. Suffolk Superior Court
    f. Roy Owens acting pro se; Thomas Donohue, City Hall, Room 615, Boston, MA 02201
    g. Case dismissed on March 11, 2005.


INTERROGATORY NO. 7

If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

ANSWER NO. 7

    Not applicable.

INTERROGATORY NO.8

    Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the City of Boston Police Department?  If yes, state:

    a.  the nature of such provisions;
    b.  the person who is responsible for implementing such procedures;
    c.  any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

ANSWER NO. 8
    Yes, there was in existence at the time of July 5, 2001, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the City of Boston Police Department.
a.  I am not an employee of the Internal Affairs Department and am not able to answer this question.
b.  See response a.
c.  Not applicable.

INTERROGATORY NO.9

    Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of your lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, state:

    a.  the name and address of the insurer;
    b.  the name and address of the person or persons who pay(s) the premiums;
    c.  the identification number of the policy;
    d.  the effective dates of each policy;
    e.  the policy limits, or amounts of any bond;
    f.  the substance of disclaimers of liability contained in the policy.

ANSWER NO. 9
    To the best of my knowledge and understanding, the City of Boston is a self-insured municipality, and, I have no such insurance personally.

INTERROGATORY NO. 10

What is your monthly net wage after deduction of withholding made for income tax, social security, medical insurance, pensions, and other like deductions or withholdings?

ANSWER NO.10

<u>Objection</u>.  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information beyond the scope of discovery pursuant to Fed. R. Civ. P. 26(b). Defendant further objects to this Interrogatory on the grounds that such information is an unwarranted invasion of personal M.G.L. ch. 4, §7 cl. 26(c).

INTERROGATORY NO. 11

Describe any investments you presently have which yield income, including the nature and amount of each investment.

ANSWER NO. 11

<u>Objection</u>.  Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26(b).

INTERROGATORY NO.12

Describe any real property or proprietary or possessory interests, which you hold, including the identity, location and nature of each interest and the amount of income realized.

ANSWER NO. 12

<u>Objection</u>.  Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26(b).

INTERROGATORY NO. 13

State specifically and in detail the date and exact sequence of events that took place during any interaction between you and the plaintiff, including but not limited to the events on or about July 5, 2001.

ANSWER NO. 13

When assigned to District B-2 I believe I had responded to Antonia Correia's house on West Cottage Street for a domestic dispute. Mr. Corriea was not involved in the dispute; however, he was present. I don't recall the date of this domestic dispute, but I know it was sometime prior to July 5, 2001. I recognized Antonio Correia from the Area B-2 neighborhood where I am assigned as a Police Officer, I had never spoken with him prior to July 5, 2001. To the best of my memory and recollection, on July 5, 2001, I was working a construction detail. I was positioned at the corner of Dudley and Brooke, and was told to stand at the entry of Dudley and ensure no cars entered Brooke during the street construction. While I stood at the center of the intersection, a car driven by who I now know is Antonio Correia drove up. He had his window up, and signaled pointing down Brooke. I indicated to him that he could not go down Brooke at this time. Next, a few minutes later, I heard an officer in trouble call on my radio at the intersection of Brooke and Cottage. I raced up Brooke Ave to find the same car I had told not to enter Brooke Avenue parked in an area off-limits due to the construction project. I saw Sergeant Feeney and Mr. Correia involved in a struggle. They both were inside Mr. Correia's car with the driver side door opened. At this point I do not recall any citizens being present. I opened the passenger door, and about that time Stacey Hightower arrived and helped me pull Mr. Correia out of his vehicle. Then we handcuffed Mr. Correia. I saw the large bite marks on Sergeant Feeney's arm from Mr. Correia. Mr. Correia resisted arrest and was agitated and shouting. After Mr. Correia was pulled out of the car citizens did appear at the scene.

INTERROGATORY NO. 14

For each incident identified in response to Interrogatory No. 13, state:

a. the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction;

b. the date, substance, and person involved in any conversation or oral report about any such incident;

c. the identify of any forms or documents created in preparation for or response to any such interaction.

d. the garments you were wearing at the time of each interaction;

e. the exact amount, types, and times that you ingested alcoholic beverages on the date of nay such interaction;