UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ANTONIO CORREIA,
 Plaintiff

v.                                                          C.A. NO.: 04-CV11335-RCL

THE CITY OF BOSTON,
WILLIAM FEENEY,
ANGEL FIGUEROA and
STACEY HIGHTOWER,
 Defendants
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO F.R.C.P 60b AND FOR LEAVE TO FILE OBJECTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff herewith moves for relief from final judgment for Defendants entered by this Court and for leave to file an objection to Defendants' Motion for Summary Judgment upon obtaining authority from the Bankruptcy Court to do so.

*Facts and History*

Plaintiff is a 57 year old native of Cape Verde with limited English language skills. He complains in the case-in-chief that he was beaten by Boston Police officers without provocation or justification and was, thus, severely injured.

Following mediation of his claims a disagreement arose with his then counsel over settlement terms. The procedural events giving rise to this motion are set forth as follows in chronological order:

1. As a result of their disagreement with Mr. Correia, Plaintiff's counsel moved for

1

leave to withdraw on **July 27, 2007**.  See Docket # 57.

2. On **August 15, 2007** Defendants filed their Motion for Summary Judgment and supporting Memorandum of Law.  See Docket # 58-60.

3. On **September 26, 2007**, Mr. Correia filed a voluntary petition for Chapter 11 bankruptcy in U.S. Bankruptcy Court.  See Bankruptcy Court Docket #1, attached hereto as Exhibit 1.

4. **On October 1, 2007** the Court allowed the Motion to Withdraw upon condition that withdrawing Plaintiff's counsel give notice to Plaintiff that the Court would consider the pending Motion for Summary Judgment ripe for judgment fourteen days hence— on October 15, 2007.  See Docket Clerk's Notes Dated October 1, 2007.

5. A Suggestion of Bankruptcy was entered into the docket of this Court on **October 4, 2007**.  See Docket # 66.

6. On **November 19, 2007** Mr. Correia's bankruptcy case was closed due to defects in his filing of schedules of his financial affairs.  See Bankruptcy Court Docket entry, unnumbered.

7. Corrective schedules were filed by Mr. Correia on **November 23, 2007**.  See Bankruptcy Court Docket # 26.

8. The Court entered an electronic order on **November 24, 2007** stating that if counsel for Defendants considered their Motion for Summary Judgment ripe for decision they should file documentary evidence from the Bankruptcy Court establishing that the automatic stay was no longer in effect.  See Docket entry dated November 24, 2007.

9. On **November 26, 2007** counsel for Defendants filed a "Certified Notice of Dismissal" of Mr. Correia's bankruptcy without informing this Court that Mr. Correia had corrected the procedural defect leading to that dismissal.  See Docket #

   68.

10. On **November 27-28, 2007** the Bankruptcy Court set a hearing date to reinstitute Mr. Correia's bankruptcy. See Bankruptcy Court Docket # 27-28.

11. On **November 27, 2007** this Court issued its electronic order granting Defendants' Motion for Summary Judgment.  See Docket Entry of November 27, 2007.

12. On **December 4, 2007** the Bankruptcy Court vacated its dismissal order. See Bankruptcy Docket # 32.

13. **On December 25, 2007** Plaintiff timely filed his Notice of Appeal.

*Applicable Law and Standard of Review*

Whether relief from judgment should be granted is left to the discretion of the Court. Teamsters Local No. 59 v. Superline Transportation Co., 953 F.2d 17, 19 (1st Cir. 1992) ("Motions brought under Civil Rule 60(b) are committed to the district court's discretion and denials thereof are reviewed only for abuse of discretion").

"The relief provided by Rule 60(b) is equitable in nature and, in exercising its discretion under Rule 60(b), a court may always consider whether the moving party has acted equitably." 12-60 Moore's Federal Practice - Civil § 60.22 citing to 6th Circuit See Whitaker v. Associated Credit Services, Inc., 946 F.2d 1222, 1224 (6th Cir. 1991) ("under Rule 60(b), this court may consider applicable principles of equity"),  7th Circuit See Di Vito v. Fidelity and Deposit Co. of Md., 361 F.2d 936, 939 (7th Cir. 1966) ("Rule 60(b) is equitable in character and to be administered upon equitable principles").

*Argument*

I. **ALTHOUGH THE COURT WAS NOT TIMELY NOTIFIED THE AUTOMATIC STAY WAS IN EFFECT AT THE TIME THE COURT ALLOWED MR. CORREIA'S FORMER COUNSEL TO WITHDRAW UPON NOTICE TO MR. CORREIA.**

Mr. Correia filed his voluntary bankruptcy petition on September 26, 2007. On October 1, 2007, without being notified of the pending bankruptcy, the Court granted the Motion to Withdraw. It was not until October 4, 2007 that a Suggestion of Bankruptcy was filed on behalf of Mr. Correia. ¶¶ 3-5, Supra.

The Automatic Stay implicit in bankruptcy proceedings takes effect with or without notice. As such, all proceedings regarding this litigation should have been stopped. "The stay is effective automatically and immediately upon the filing of a bankruptcy petition, whether voluntary, joint or involuntary  Formal service of process is not required, and no particular notice need be given in order to subject a party to the stay." Job v. Calder (*In re* Calder), 907 F.2d 953 (10th Cir. 1990) ; Smith v. First Am. Bank, N.A. (*In re* Smith), 876 F.2d 524 (6th Cir. 1989) ; *cf.* Mueller v. Nugent, 184 U.S. 1, 22 S. Ct. 269, 46 L. Ed. 405 (1901) ; Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47 (2d Cir. 1976) , *cert. denied*, 429 U.S. 1093, 97 S. Ct. 1107, 51 L. Ed. 2d 540 (1977)  See also In re Indian Motocycle Co., 2002 Bankr. LEXIS 1835 (Bankr. D. Mass. 2002) ("...whether a district court has the jurisdiction to determine the applicability of the automatic stay is a wholly different question from whether the parties before the district court are violating the automatic stay by proceeding in that court".)

"11 U.S.C.S. § 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition stays the commencement or continuation of all non-bankruptcy judicial proceedings against the debtor." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969 (1st Cir.

1997)   "The stay provision…is drafted so broadly that it encompasses all types of legal proceedings…even if it appears that they will have little or no impact on the debtor's financial situation."   3-362 Collier on Bankruptcy-15th Edition Rev. P 362.03.

**II.     THE ACTION OF THE COURT ON OCTOBER 1, 2007 IS VOID AS A MATTER OF LAW.**

"In order to secure its important protections, courts must display a certain rigor in reacting to violations of the automatic stay. The circuits are split on whether actions taken in derogation of the automatic stay are merely "voidable" or, more accurately, "void." Some courts characterize unauthorized post-petition proceedings as "voidable." Other courts, a majority, call such actions "void," but recognize that equitable considerations may alter some outcomes. The court is aligned with the majority view."   Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969 (1st Cir. 1997).

Accordingly, it can reasonably be argued that any subsequent actions of the Court based upon and resulting from the decision of the Court on October 1, 2007 are invalid particularly in light of the subsequent reinstatement of bankruptcy proceedings.

**III.    WHEN THE COURT GRANTED THE MOTION FOR SUMMARY JUDGMENT IT WAS NOT AWARE THAT MR. CORREIA, ACTING PRO SE, HAD ALREADY FILED CORRECTIVE FINANCIAL SCHEDULES WHICH PAVED THE WAY TO VACATING OF THE BANKRUPTCY COURT'S DISMISSAL ORDER.**

Indeed, such schedules were filed in the Court on November 23, 2007.   ¶ 7, Supra.

In fact, on the day this Court granted Motion for Summary Judgment the Bankruptcy Court had already begun the process which resulted in the Bankruptcy Court dismissal order being vacated.  ¶¶ 10-12, Supra.

5

### IV. EQUITY URGES REINSTATEMENT OF MR. CORREIA'S CIVIL RIGHTS CLAIM.

Following mediation of his claims in this case, Mr. Correia found himself at odds with his counsel regarding acceptance of a settlement offer that, after payment of legal fees and medical expenses, would have left him with little or no compensation.

The resulting Motion for Withdrawal, allowed after his filing of bankruptcy, gave him just fifteen (15) days to oppose the Defendants' Motion for Summary Judgment. With limited English skills, Mr. Correia was not aware of the implications of such notice.

Left without any counsel, Mr. Correia tried to protect himself by his pro se bankruptcy filing but was without resources to point out to this Court the fact that the automatic stay was in effect well before the Suggestion of Bankruptcy was filed in this case.

It is inexplicable that former counsel had not at least prepared a draft objection to the Motion for Summary Judgment prior to their filing of Motion to Withdraw or did not prepare one in the fifteen days allowed by the court. What is explicable, however, is that Mr. Correia found himself in an impossible position, unable to deal with both the intricacies of the Bankruptcy Code and with federal civil procedure as well.

Mr. Correia has not been dilatory. Indeed, because his case is so strong he has no reason not to pursue it with dispatch. His only fault lies in not understanding the import of the orders of this Court.

*Conclusion*

For the reasons cited herein and in oral argument Plaintiff prays that this motion be granted .

6

        RESPECTFULLY SUBMITTED,
        PLAINTIFF

        /s/ Leon A. Blais

        _____
        Leon A. Blais, Esq.
        BLAIS and PARENT
        Suite 300
        20 Cabot Blvd.
        Mansfield, MA 02048
        508 618-1280
        866 329-6175
        LBlais@BlaisParent.com

### *Certification*

I herewith certify that on February 20 2008 I filed this Notice via the ECF system upon all counsel of record.   As such, this document is available for public viewing via the PACER system.

   /s/ Leon A. Blais

_____
Leon A. Blais

### *Certification*

     I herewith certify that pursuant to Local Rule 7.1 I have conferred with opposing counsel in an effort to narrow the issues herein.

   /s/ Leon A. Blais

_____
Leon A. Blais

7

# EXHIBIT ONE

PlnDue, DsclsDue, FeeDueINST, REOPEN, NTCAPR

# United States Bankruptcy Court
## District of Massachusetts (Boston)
## Bankruptcy Petition #: 07-16096

*Assigned to:* Judge Robert Somma
Chapter 11
Voluntary
Asset

*Date Filed:* 09/26/2007
*Date Reopened ():*
12/04/2007

*Debtor*
**Antonio G. Correia**
30 West Cottage Street
Dorchester, MA 02125
SSN: xxx-xx-3829

represented by **Joseph A. Kuchinski, Jr.**
15 Court Square
Suite 730
Boston, MA 02108
(617) 367-8551
Fax : 617-227-6494
Email:
JosephAKuchinski@aol.com

*Assistant U.S. Trustee*
**John Fitzgerald**
Office of the US Trustee
10 Causeway Street
Boston, MA 02222

| Filing Date | # | Docket Text |
| --- | --- | --- |
| 02/13/2008 | 49 | Waiver (Re: 45 Motion for Relief From Stay, ). filed by Creditor Citi Residential Lending, Inc., as Servicer (Roche, Meghan) (Entered: 02/13/2008) |
| 02/11/2008 | 48 | Objection with certificate of service filed by Debtor Antonio G. Correia Re: 45 Motion filed by Creditor Ameriquest Mortgage Company for Relief from Stay Re: 29 West Cottage Street, Boston (Dorchester District), MA Fee Amount $150, (Kuchinski, Joseph) (Entered: 02/11/2008) |
| 02/05/2008 | 47 | Notice of Appearance and Request for Notice by Joseph G. LaRusso |

9

| | | |
|---|---|---|
| | | with certificate of service. filed by Creditor City of Boston Treasury Department (LaRusso, Joseph) (Entered: 02/05/2008) |
| 02/04/2008 | 46 | Application filed by Debtor Antonio G. Correia to Employ Joseph A. Kuchinski, Jr. as Attorney with Affidavit and with certificate of service. (Kuchinski, Joseph) (Entered: 02/04/2008) |
| 01/30/2008 | | Receipt of filing fee for Motion for Relief From Stay(07-16096) [motion,mrlfsty] ( 150.00). Receipt Number 3760543, amount $ 150.00. (U.S. Treasury) (Entered: 01/30/2008) |
| 01/30/2008 | 45 | Motion filed by Creditor Ameriquest Mortgage Company for Relief from Stay Re: 29 West Cottage Street, Boston (Dorchester District), MA Fee Amount $150, Objections due by 2/12/2008. (Attachments: # 1 Proposed Order # 2 Certificate of Service) (Roche, Meghan) (Entered: 01/30/2008) |
| 01/18/2008 | 44 | BNC Certificate of Mailing - PDF Document. RE: 43 Order Service Date 01/18/2008. (Admin.) (Entered: 01/19/2008) |
| 01/15/2008 | 43 | Order Dated 1/15/08 RE: 16 Motion filed by Interested Party United States Trustee to Convert Case to Chapter 7. HEARING HELD. AT THE REQUEST OF THE PARTIES, THE MOTION TO CONVERT IS HEREBY CONTINUED GENERALLY. (bg, usbc) (Entered: 01/16/2008) |
| 01/10/2008 | | Meeting of Creditors Held and Examination of Debtor *on January 10, 2008*. (Bradford, Eric) (Entered: 01/10/2008) |
| 12/21/2007 | 42 | Notice of Appearance and Request for Notice by Joseph A. Kuchinski Jr.. filed by Debtor Antonio G. Correia (Kuchinski, Joseph) (Entered: 12/21/2007) |
| 12/19/2007 | 41 | BNC Certificate of Mailing - Hearing. RE: 40 Hearing Scheduled Service Date 12/19/2007. (Admin.) (Entered: 12/20/2007) |
| 12/17/2007 | 40 | Continued Hearing Scheduled for 1/15/2008 at 10:00 AM Boston Courtroom 4 - RS RE: 16 Motion to Convert Case to Chapter 7 filed by Interested Party United States Trustee. (ndl, USBC) (Entered: 12/17/2007) |
| 12/17/2007 | 39 | Court Certificate of Mailing. RE: 38 Order on Motion to Convert Case to Chapter 7 (ndl, USBC) (Entered: 12/17/2007) |
| 12/13/2007 | 38 | Order Dated 12/13/2007 Re: 16 Motion filed by Interested Party United |

|  |  |  |
|---|---|---|
|  |  | States Trustee to Convert Case to Chapter 7. HEARING HELD. AT THE REQUEST OF THE PARTIES, CONTINUED TO JANUARY 15, 2008, AT 10:00 A.M. (ndl, USBC) (Entered: 12/17/2007) |
| 12/07/2007 | 37 | BNC Certificate of Mailing - PDF Document. RE: 32 Order Service Date 12/07/2007. (Admin.) (Entered: 12/08/2007) |
| 12/07/2007 | 36 | BNC Certificate of Mailing - PDF Document. RE: 31 Order on Motion to Convert Case to Chapter 7, Service Date 12/07/2007. (Admin.) (Entered: 12/08/2007) |
| 12/07/2007 | 35 | BNC Certificate of Mailing - Meeting of Creditors. RE: 33 Court's Notice of 341 sent - 11 Individual Service Date 12/07/2007. (Admin.) (Entered: 12/08/2007) |
| 12/07/2007 | 34 | Statement *Regarding Compliance/Non-Compliance* with certificate of service (Re: 31 Order on Motion to Convert Case to Chapter 7, ). filed by Interested Party United States Trustee (Attachments: # 1 Exhibit Spreadsheet Summarizing Insurance on Real Properties Listed on Schedule A and Vehicles Listed on Schedule B) (Bradford, Eric) (Entered: 12/07/2007) |
| 12/05/2007 | 33 | Court's Notice of 341 sent (cb, USBC) (Entered: 12/05/2007) |
| 12/05/2007 |  | Rescheduled Meeting of Creditors scheduled on 341(a) meeting to be held on 1/10/2008 at 01:00 PM at Room 1190, US Trustee Office. (cb, USBC) (Entered: 12/05/2007) |
| 12/05/2007 |  | Further Hearing scheduled for 12/13/2007 at 12:00 PM Boston Courtroom 4 - RS RE: 16 Motion to Convert Case to Chapter 7 filed by Interested Party United States Trustee (mem, USBC) (Entered: 12/05/2007) |
| 12/04/2007 |  | Bankruptcy Case Reopened. (mem, USBC) (Entered: 12/05/2007) |
| 12/04/2007 | 32 | Order Dated 12/4/2007 Re: 25 Motion of the Debtor to Vacate Order of Dismissal. HEARING HELD. IN THE ABSENCE OF ANY OBJECTION AND FOR THE REASONS STATED ON THE RECORD, THE MOTION TO VACATE THE ORDER OF DISMISSAL IS HEREBY GRANTED. (mem, USBC) (Entered: 12/05/2007) |
| 12/04/2007 | 31 | Order Dated 12/4/2007 Re: 16 Motion filed by Interested Party United States Trustee to Convert Case to Chapter 7. HEARING HELD. THE DEBTOR IS DIRECTED TO DELIVER ALL DOCUMENTS |

|  |  |  |
|---|---|---|
|  |  | REQUESTED BY THE U.S. TRUSTEE FORTHWITH. A FURTHER HEARING WILL BE HELD ON DECEMBER 13, 2007, AT 12:00 NOON TO MONITOR COMPLIANCE WITH THE FOREGOING. (mem, USBC) (Entered: 12/05/2007) |
| 11/30/2007 | 30 | BNC Certificate of Mailing - PDF Document. RE: 27 Order, , , Service Date 11/30/2007. (Admin.) (Entered: 12/03/2007) |
| 11/30/2007 | 29 | BNC Certificate of Mailing - Hearing. RE: 28 Hearing Scheduled, Service Date 11/30/2007. (Admin.) (Entered: 12/03/2007) |
| 11/28/2007 | 28 | Hearing Scheduled for 12/4/2007 at 10:00 AM Boston Courtroom 4 - RS RE: 25 Opposition to Motion to Convert and Motion to Vacate Order of Dismissal filed by Debtor Antonio G. Correia and 16 Motion to Convert Case to Chapter 7 filed by Interested Party United States Trustee. (rmb, USBC) (Entered: 11/28/2007) |
| 11/27/2007 | 27 | Order Dated 11/27/2007 Re: 25 Opposition filed by Debtor Antonio G. Correia to 16 Motion filed by Interested Party United States Trustee to Convert Case to Chapter 7. THIS CASE HAVING BEEN DISMISSED FOR FAILURE OF THE DEBTOR TO FILE CERTAIN DOCUMENTS BY COURT-ESTABLISHED DEADLINES, AND THAT FAILURE BEING ONE OF THE GROUNDS FOR THE U.S. TRUSTEE'S MOTION TO CONVERT THIS CASE TO CHAPTER 7, AND THE DEBTOR HAVING ADDRESSED THAT FAILURE IN THIS OPPOSITION, THE COURT WILL TREAT THIS OPPOSITION AS, IN ADDITION TO AN OPPOSITION TO THE MOTION TO CONVERT, A MOTION TO VACATE THE ORDER OF DISMISSAL. THE COURT WILL SET A HEARING ON THIS MOTION TO VACATE AND ON THE U.S. TRUSTEE'S MOTION TO CONVERT. THE MOTION TO CONVERT WILL BE CONSIDERED ONLY IF THE DISMISSAL IS VACATED. (mem, USBC) (Entered: 11/28/2007) |
| 11/23/2007 | 26 | Schedules A - J and Statement of Financial Affairs filed by Debtor Antonio G. Correia. (ymw, ) (Entered: 11/26/2007) |
| 11/23/2007 | 25 | Opposition filed by Debtor Antonio G. Correia to 16 Motion filed by Interested Party United States Trustee to Convert Case to Chapter 7. (ymw, ) (Entered: 11/26/2007) |
| 11/19/2007 |  | Bankruptcy Case Closed (mem, USBC) (Entered: 11/19/2007) |
| 11/16/2007 | 24 | BNC Certificate of Mailing - PDF Document. RE: 23 Order on Motion For Relief From Stay Service Date 11/16/2007. (Admin.) (Entered: |

12

| | | |
|---|---|---|
| | | 11/17/2007) |
| 11/14/2007 | 23 | Order Dated 11/14/2007 Re: 15 Motion filed by Creditor Saxon Mortgage Services, Inc. for Relief from Stay Re: 477 Dudley Street, Roxbury, MA 02119. MOOT. THIS CASE HAS BEEN DISMISSED. (mem, USBC) (Entered: 11/14/2007) |
| 11/09/2007 | 22 | BNC Certificate of Mailing - PDF Document. RE: 19 Order on Motion to Convert Case to Chapter 7 Service Date 11/09/2007. (Admin.) (Entered: 11/10/2007) |
| 11/08/2007 | 21 | BNC Certificate of Mailing - PDF Document. RE: 17 Order Dismissing Case Service Date 11/08/2007. (Admin.) (Entered: 11/09/2007) |
| 11/08/2007 | 20 | BNC Certificate of Mailing. RE: 18 Notice of Dismissal Service Date 11/08/2007. (Admin.) (Entered: 11/09/2007) |
| 11/06/2007 | 19 | Order dated 11/6/2007 Re: 16 Motion filed by Interested Party United States Trustee to Convert Case to Chapter 7. MOOT: THIS CASE HAS BEEN DISMISSED. (aa, USBC) (Entered: 11/07/2007) |
| 11/06/2007 | 18 | Notice of Dismissal . (aa, USBC) (Entered: 11/06/2007) |
| 11/06/2007 | 17 | Order dated 11/6/2007 Dismissing Case. DUE TO THE FAILURE OF THE DEBTOR TO COMPLY WITH THE COURT'S ORDER OF 9/26/2007, IT IS HEREBY ORDERED THAT THE ABOVE-ENTITLED CASE BE AND HEREBY IS DISMISSED. (aa, USBC) (Entered: 11/06/2007) |
| 11/06/2007 | 16 | Motion filed by Interested Party United States Trustee to Convert Case to Chapter 7 with certificate of service. Fee Amount $15 (Bradford, Eric) (Entered: 11/06/2007) |
| 11/06/2007 | | 341 Meeting Not Held *on November 1, 2007, because debtor did not appear*. (Bradford, Eric) (Entered: 11/06/2007) |
| 10/29/2007 | | Receipt of filing fee for Motion for Relief From Stay(07-16096) [motion,mrlfsty] ( 150.00). Receipt Number 3518616, amount $ 150.00. (U.S. Treasury) (Entered: 10/29/2007) |
| 10/29/2007 | 15 | Motion filed by Creditor Saxon Mortgage Services, Inc. for Relief from Stay Re: 477 Dudley Street, Roxbury, MA 02119 Fee Amount $150, Objections due by 11/13/2007. (Attachments: # 1 Proposed Order # 2 Certificate of Service) (Roche, Meghan) (Entered: 10/29/2007) |

13

| 10/15/2007 | 14 | Notice of Appearance and Request for Notice *for Service in Accordance With Bankruptcy Rule 2002* by Christopher Matheson with certificate of service. filed by Creditor Ocwen Loan Servicing (Matheson, Christopher) (Entered: 10/15/2007) |
|---|---|---|
| 10/13/2007 | 13 | BNC Certificate of Mailing - Meeting of Creditors. RE: 11 Court's Notice of 341 sent - 11 Individual Service Date 10/13/2007. (Admin.) (Entered: 10/14/2007) |
| 10/11/2007 | 12 | Certificate of Credit Counseling Re: 1 Voluntary Petition (Chapter 11) filed by Debtor Antonio G. Correia. (aa, USBC) (Entered: 10/12/2007) |
| 10/11/2007 | 11 | Court's Notice of 341 sent (cw, USBC) (Entered: 10/11/2007) |
| 10/11/2007 | 10 | Matrix RE: 1 Voluntary Petition (Chapter 11) filed by Debtor Antonio G. Correia (kpm, USBC) (Entered: 10/11/2007) |
| 10/11/2007 |  | Receipt of First Installment Payment. Receipt Number 611474, Fee Amount $346.00 RE: 5 Application and Order to Pay Filing Fees in Installments (kpm, USBC) (Entered: 10/11/2007) |
| 10/09/2007 | 9 | Request for Notice by Citi Residential Lending, Inc., as Servicer, and Citi Residential Lending, Inc., as Servicer. (Swift, Nancy) (Entered: 10/09/2007) |
| 10/01/2007 |  | First Meeting of Creditors scheduled on 341(a) meeting to be held on 11/1/2007 at 01:00 PM at Room 1190, US Trustee Office. (cb, USBC) (Entered: 10/01/2007) |
| 09/28/2007 | 8 | BNC Certificate of Mailing. RE: 5 Application and Order to Pay Filing Fees in Installments Service Date 09/28/2007. (Admin.) (Entered: 09/29/2007) |
| 09/26/2007 | 7 | Court Certificate of Mailing. RE: 6 Order to Update (mlm, ) (Entered: 09/26/2007) |
| 09/26/2007 | 6 | Order to Update RE: 1 Voluntary Petition (Chapter 11) filed by Debtor Antonio G. Correia. Matrix Due 10/1/2007. Certificate of Credit Counseling Due: 10/11/2007. Schedules A-J due 10/11/2007. Statement of Financial Affairs due 10/11/2007. Summary of schedules due 10/11/2007. Statement of Current Monthly Income Form 22B Due: 10/11/2007. (mlm, ) (Entered: 09/26/2007) |
| 09/26/2007 | 5 | Order Approving Payment of Filing Fees In Installments. First Installment Payment due by 10/5/2007. Second Installment Payment |

**PACER Service Center**
**Transaction Receipt**

| | | |
|---|---|---|
| | | due by 11/5/2007. Final Installment Payment due by 12/5/2007. (mlm, ) (Entered: 09/26/2007) |
| 09/26/2007 | 4 | Application to Pay Filing Fee in Installments filed by Debtor Antonio G. Correia (Attachments: # 1 Proposed Order) (mlm, ) (Entered: 09/26/2007) |
| 09/26/2007 | 3 | List of 20 Largest Creditors. filed by Debtor Antonio G. Correia (mlm, ) (Entered: 09/26/2007) |
| 09/26/2007 | 1 | Chapter 11 Voluntary Petition with deficiencies. Filing Fee in the Amount of $0.00 Filed by Antonio G. Correia. (mlm, ) (Entered: 09/26/2007) |