UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11335-RCL

ANTONIO CORREIA

v.

CITY OF BOSTON, WILLIAM FEENEY, ANGEL FIGUEROA, and STACEY HIGHTOWER

**DEFENDANTS WILLIAM FEENEY, ANGEL FIGUEROA, STACEY HIGHTOWER AND THE CITY OF BOSTON'S MOTION IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND LEAVE TO FILE OBJECTION**

I. **Introduction**

The Plaintiff, Antonio Correia (the "Plaintiff"), commenced this action alleging a host of civil rights claims against Defendants William Feeney, Angel Figueroa, Stacey Hightower and the City of Boston (the "Defendants"). By Order dated November 28, 2007, the Court granted the Defendants' Motion for Summary Judgment and, adopting the Defendants' statement of facts, dismissed all remaining counts in the Plaintiff's Complaint.

Claiming deficiencies in the Court's Order, the Plaintiff submitted a Motion for Relief from Judgment and Leave to File

Objection on February 20, 2008, pursuant to 60(b) of the Federal Rules of Civil Procedure.  Presently, the Plaintiff contends the Court's grant of summary judgment and dismissal of this action, suggesting that he required additional time in which to oppose the motion.  The Plaintiff further argues that it was improper for the District Court to move forward with respect to the motions for summary judgment after it received notice of the Plaintiff's Chapter 11 bankruptcy.

The Plaintiff now seeks relief under Fed. R. Civ. P. 60(b), in addition to his pending appeal, and for the following reasons the Defendants hereby oppose the Plaintiff's Motion to for Relief from Judgment and Leave to File Objection.

**II.   Argument**

Dismissal of the Plaintiff's case was proper because the case was ripe for summary judgment.  The Defendants' motion for summary judgment and supporting memorandum, outlining the legal impetus behind their position, sat unopposed for three months.  The Plaintiff was fully aware of the pending motions yet chose not to file any opposition nor offer any explanation for his failure to do so.  In his motion, the Plaintiff puts forth two strained justifications for his delay: his previous counsel's "inexplicable" failure to draft an opposition, and his subsequent status as a *pro se* litigant who apparently did not "[understand] the import of the orders of this Court."  Neither

2

of these arguments is relevant, particularly under the rubric of Fed. R. Civ. P. 60(b).

Moreover, summary judgment and dismissal were warranted because the Plaintiff's constitutional rights were not violated; Detective Feeney, Officer Figueroa and Officer Hightower's actions are nevertheless protected by qualified immunity; and consequently, the City is without liability with respect to the counts against them. The Court did not abuse its discretion in granting summary judgment for the Defendants and dismissing the remaining complaint, nor did it offend equity in coming to that decision after the dismissal of the Plaintiff's bankruptcy case.

**A. The Bankruptcy Court's automatic stay has no bearing on litigation initiated by the Plaintiff, because 11 U.S.C. 362 applies solely to proceedings *against* debtors.**

With respect to the issue raised by the Plaintiff regarding the stay of the Bankruptcy Court, and the effect it should have on the Court's actions, contrary to his argument, the "automatic stay" as provided in 11 U.S.C. 362 is irrelevant to the instant case. Specifically, the statute does not address actions brought by the debtor, as here, and the Plaintiff cannot avail himself of 11 U.S.C. § 362 in order to circumvent the legitimate determination of a case he himself initiated.

As indicated by the Plaintiff, the filing of any bankruptcy petition invokes an automatic stay under 11 U.S.C. 362(a).  As the term "automatic stay" implies, the stay becomes effective

immediately upon the filing of the bankruptcy case, by operation of law and without entry of a stay order. However, the stay is *only* applicable to actions to recover claims against the debtor that arose before the filing of the bankruptcy; the enforcement against the debtor or against property of the bankruptcy estate of a judgment obtained before the filing of the bankruptcy case; any act to obtain possession of property of the bankruptcy estate or to exercise control over property of the estate; any act to create, perfect, or enforce a lien against property of the estate; and other types of debt collections proceedings. 11 U.S.C. 362(a). By its terms, 11 U.S.C. 362(a) only stays proceedings *against* the debtor. *Id.* A civil rights case initiated by the Plaintiff is not a judicial proceeding against a debtor and, therefore, the petition in bankruptcy could not stay this Court from ruling on a ripe motion for summary judgment. *See Marine Midland Bank v. Herriott*, 412 N.E.2d 908 (Mass.App., 1980).

  B. **Even if the Bankruptcy Court's automatic stay could affect these proceedings, that stay was no longer in effect at the time the District Court ruled on the motion for summary judgment.**

Even if the "automatic stay" could have affected these proceedings, which it could not, the bankruptcy petition was dismissed at the time of the November 28, 2007 summary judgment ruling. On November 6, 2007, the Plaintiff's bankruptcy case was dismissed due to his failure to comply with the Bankruptcy Court's

4

September 26, 2007 order.  On November 14, 2007, the Defendants notified this Court that the Plaintiff's Chapter 11 bankruptcy had been dismissed and requested a ruling on their motion for summary judgment.  On November 26, 2007, the District Court received the Bankruptcy Court's Certified Notice of Dismissal, and on November 28, 2007, the District Court allowed the Defendants' motion for summary judgment and dismissed all remaining claims.

Attached is a certified copy of the Docket Report from the United States Bankruptcy Court, *In Re: Antonio G. Correia*, Case Number 07-16096.  The Court was not prevented from acting based upon any Bankruptcy Court stay because the Plaintiff's bankruptcy petition had been dismissed on November 6, 2007 for his failure to comply with *that* Court's order.  It was not until December 04, 2007, that the Bankruptcy Court reopened the Plaintiff's Chapter 11 proceedings. Consequently, from November 6, 2007 to December 04, 2007, the automatic stay was not in effect.  Even if the Plaintiff had filed a motion to vacate the Bankruptcy Court dismissal on the day of this Court's decision, the dismissal was still in effect; the mere act of filing a motion did not in any way limit the Court's authority to act.  Therefore, the Court's decision on the motion for summary judgment and order dismissing the case was appropriate under the law and did not violate any Bankruptcy Court stay, order, or rule.

**C. Even if the District Court's decision to dismiss was based solely on the Plaintiff's failure to file an opposition, it does not constitute "excusable neglect" that would warrant relief under Rule 60(b).**

The Plaintiff's disregard for the procedural requirements of this Court, coupled with his decision not to appear before the Court at any time prior to the filing of a notice of appeal is willful conduct that is not without consequence. Although he attempts now to evade responsibility for his actions, he has not offered any evidence of circumstances beyond his control that would demonstrate he was prevented from timely action to protect his interests. Despite reliance on an equity argument, the Plaintiff has failed to demonstrate any grounds upon which this motion should be allowed.

Fed. R. Civ. P. 60(b) is a vehicle for "extraordinary relief," and motions invoking the rule should be granted "only under exceptional circumstances." *Stonkus v. City of Brockton Sch. Dept.*, 322 F.3d 97, 100 (1st. Cir. 2003), *citing Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir 1994). Because the Plaintiffs have failed to identify any "exceptional circumstances" that would warrant granting the Plaintiff's motion, such relief is beyond the parameters of Rule 60(b) and should be categorically denied.

Fed. R. Civ. P. 60(b) allows the court to relieve a party or his legal representative from a final judgment, order, or

6

proceeding due to "mistake, inadvertence, surprise, or excusable neglect." The Plaintiff's abject disregard for Rules of Civil Procedure and the orders of the Court fail to fall within that reasonable ambit of accommodation. Even if the Court's decision to grant the Plaintiff's motion to dismiss was based entirely on Plaintiff's failure to submit an opposition motion, which it was not, the Court should still deny the Plaintiff's motion for relief from judgment because the Plaintiff's actions in failing to file an opposition motion do not constitute "excusable neglect" or "mistake." *See* Fed. R. Civ. P. 60(b)(1).

"[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993). Therefore, "neither mistake nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co.)*, 316 B.R. 406, 417 (1st Cir. 2004).

The Plaintiff's failure to avail himself of this Court or to otherwise participate in any of the scheduled Court hearings was a decision he made after being fully informed of the hearings by prior counsel. His decision was one he made voluntarily after being notified of prior counsels' motion to withdraw. The Plaintiff could have attended the hearing and

7

advised the Court that he needed additional time to find successor counsel so that an opposition to the Defendants' motion for summary judgment could be filed.  He chose not to follow the prudent, responsible course.  In the representations of prior counsel, seven (7) attempts to reach the Plaintiff in order to discuss "important substantive issues" were made by Attorneys DiMauro and Burke.  One such notice was mailed overnight to the Plaintiff per the request of Court.  Instead of appearing at the scheduled hearing or making any attempt to contact the Court, he sat idle from July 10, 2007 until December 25, 2007, the date the Notice of Appeal was filed.

It is important to note that the Plaintiff was not without advice of counsel during this period of time.  As reflected in the Assented to Motion to Extend Time to File a Response to the Defendants' Motion for Summary Judgment, Document 62, Attorneys DiMauro and Burke were instructed by the Plaintiff to turn over the contents of his file to Attorney Deanna Silva and did so by hand-delivering the file to her office on August 9, 2007.  The Defendants' motion for summary judgment was not filed until August 15, 2007 and counsel for the Defendants assented to a motion to extend time for the filing of a response to the motion for summary judgment.  The Plaintiff was given until October 15, 2007 to file an opposition to the Defendants' motions – 60 days.  Notice of this date was both mailed to Attorney Silva and

8

conveyed to an associate of hers, Richard McDonough, on October 2, 2007.  The Plaintiff was also notified by phone of this deadline date.  Clearly, the Plaintiff and his representative were well aware of the due date for the filing of an opposition, but took no steps to either meet or extend that deadline.  There was ample opportunity to either timely file the opposition if they so chose, or to request additional time from the Court.  Their failure to act accordingly or seek additional time from the Court is the type of "excusable neglect" contemplated by Fed. R. Civ. P. 60(b).

Here, the Plaintiff made no effort whatsoever to meet his obligations or request reasonable extensions in time.  Instead, he allowed the Defendants' motion to sit unopposed for three months, despite the advice of this Court that it would ripen, and now comes to this Court bemoaning that he did not understand the importance of these proceedings – proceedings he initiated.  In addition to citing the failure of his previous counsel to respond appropriately to the Defendants' motion for summary judgment, the Plaintiff claims that his command of English – which has served him well enough to initiate these proceedings and those of the Bankruptcy Court – prevented him to fully grasp that the Court's procedures are not mere whimsy.  Not only does that claim lack credibility, it is irrelevant to the relief he seeks under Fed. R. Civ. P. 60(b) or any mandate of equity.

9

To the extent that the Plaintiff's argument reflects the inadequacies of his self-representation, the Courts have clearly ruled that *pro se* litigants proceed at their own discretion. It is neither the role of the Courts nor their adversaries to counsel, educate, or guide them through the process. "A *pro se* litigant is bound by the same rules of procedure as litigants with counsel." *Kellerman v. Kellerman,* 458 N.E.2d 1196, 1197 (Mass. 1984) *quoting International Fidelity Insurance Co. v. Wilson,* 443 N.E.2d 1308, 1312 (Mass., 1983). "All litigants are better served if the times in which certain actions are required has some meaning." *Points East, Inc. v. City Council of Gloucester,* 448 N.E.2d 1268 (Mass.App., 1983); see *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152 (2000) (Trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal "chores" for the [*pro se* litigant] that counsel would normally carry out); *U.S. v. Heller,* 957 F.2d 26 (1st Cir. 1992) (Court ruled that *pro se* status does not absolve litigant from compliance with court rules); *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce,* 20 F.3d 503 (1st Cir. 1999) (*pro se* litigant, like any litigant, is guaranteed meaningful opportunity to be heard, but the Constitution does not require judges to take up the slack); *Lattimore v. Polaroid Corp.,* 99 F.3d 456 (1st Cir. 1996)

The Plaintiff's purported unfamiliarity with the Rules of Civil Procedure does not justify reopening a matter which the Court has already determined is without legal merit. Accordingly, the Plaintiff's motion should be denied.

### III. Conclusion

Because the Plaintiffs have not established any extraordinary circumstances or excusable neglect warranting relief under Fed. R. Civ. P. 60(b), the Plaintiff's Motion for Relief from Judgment and Leave to File Objection should be denied.

Respectfully submitted,

DEFENDANTS,
City of Boston, et al.

By their attorneys:

William F. Sinnott
Corporation Counsel

__/s/ Scott C. Holmes_____
Scott C. Holmes, BBO#544545
Sr. Assistant Corporation Counsel
Nicole Murati Ferrer, BBO#661474
Assistant Corporation Counsel
City of Boston Law Department
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4042 (Holmes)
(617) 635-4045 (Murati Ferrer)

11

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on March 5, 2008.


_/s/ Scott C. Holmes_____
Scott C. Holmes